UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATTI JO CAHOO, KRISTEN
MENDYK, and KHADIJA COLE,

                Plaintiffs,

                                              Case Number 17-10657
v.                                       Honorable David M. Lawson

SAS ANALYTICS INC., FAST
ENTERPRISES LLC, CSG
GOVERNMENT SOLUTIONS,

                Defendants.
_____/

## ORDER DISMISSING PLAINTIFFS' MOTION FOR LEAVE TO AMEND

This matter is before the Court on the plaintiffs' motion for leave to amend the complaint. In the motion, the plaintiffs says that they "sought concurrence in their motion and did not receive a response by the time of filing this motion." The Court finds after reviewing the motion that the plaintiffs made no serious effort to comply with the mandate of Eastern District of Michigan Local Rule 7.1(a), which requires that, prior to filing any motion in this Court, "[t]he movant must ascertain whether the contemplated motion . . . will be opposed." The Court therefore will dismiss the motion.

In this district, movants must seek concurrence in the relief requested before filing a motion for relief in this Court. E.D. Mich. LR 7.1(a). To meet this requirement, Local Rule 7.1(a)(2) explains that there must be "a conference between the attorneys . . . in which the movant explained the nature of the motion and its legal basis and requested but did not obtain concurrence in the relief sought." LR 7.1(a)(2)(A). If a conference was not possible, then the counsel for the movant must

certify that "despite reasonable effort *specified in the motion or request*, the movant was unable to conduct a conference." LR 7.1(a)(2)(B) (emphasis added).

The Oxford English Dictionary defines a "conference" as "the action of bringing together" or "meeting for conversation." Oxford English Dictionary, "Conference, n." (online ed. Nov. 2010), *available at* http://www.oed.com:80/Entry/38740 (last visited May 23, 2017). The idea behind the rule requiring opposing counsel to "meet[] for conversation," of course, is to stimulate discussion about the dispute that is the subject of the motion in order to attempt a resolution that would not require court intervention.

The Court is well aware that sometimes opposing counsel has other schedule demands that prevent an expeditious conference, and that on rare occasions an opponent's intransigence will prevent meaningful discussion. To prevent the meet-and-confer requirement from becoming an insurmountable obstacle to obtaining relief by motion, the local rule allows the movant to explain the efforts made at conferring with the opponent, but those efforts must be "reasonable," and the explanation must be complete. This safety-valve provision is not meant to be a substitute for the meet-and-confer obligation or a convenient way to avoid it.

The Court requires meaningful, good faith compliance with the rule. As the definition suggests, a conference normally involves actual contact with opposing counsel. If an actual conversation simply cannot be conducted, the movant must describe with specificity the reasonable efforts that were made to conduct a conference. In this case, the motion does not describe any such reasonable efforts.

Based on the representations in their motion, the Court finds that the plaintiffs made no reasonable efforts to meet and confer, discuss the issues raised in their motion, or reduce the subjects

of the disputes to a stipulation or other agreed relief before filing the motion.  A cursory statement that the plaintiffs sought concurrence, but did not receive a response by the time they filed their motion, is insufficient to open the Rule's safety valve and excuse the movant from having an actual conversation with opposing counsel.  "It is not up to the Court to expend its energies when the parties have not sufficiently expended their own." *Hasbro, Inc. v. Serafino*, 168 F.R.D. 99, 101 (D. Mass. 1996).

Accordingly, it is **ORDERED** that the plaintiffs' motion for leave to amend the complaint [dkt. #24] is **DISMISSED WITHOUT PREJUDICE**.


s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   May 24, 2017

<div style="border:1px solid black; padding:10px;">

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 24, 2017.

s/Susan Pinkowski
SUSAN PINKOWSKI

</div>