UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATTI JO CAHOO, KRISTEN
MENDYK, KHADIJA COLE, HYON
PAK, and MICHELLE DAVISON,

        Plaintiffs,

v.

Case Number 17-10657
Honorable David M. Lawson

SAS INSTITUTE INC., FAST
ENTERPRISES LLC, CSG
GOVERNMENT SOLUTIONS,
STEPHEN GESKEY, SHEMIN BLUNDELL,
DORIS MITCHELL, DEBRA
SINGLETON, JULIE A. McMURTRY,
and SHARON MOFFET-MASSEY,

        Defendants.
_____/

**OPINION AND ORDER DENYING MOTIONS FOR SANCTIONS
BY DEFENDANTS FAST ENTERPRISES AND SAS INSTITUTE**

Defendants FAST Enterprises (FAST) and SAS Institute (SAS) each have filed motions seeking sanctions against the plaintiffs and their attorneys for filing claims alleged to be frivolous, and for causing unnecessary briefing on a motion to dismiss. Both motions have been fully briefed by the parties. Because the motion papers adequately set forth the relevant facts and law, and oral argument will not aid in the disposition of the motions, it is **ORDERED** that the motions be decided on the papers submitted. *See* E.D. Mich. LR 7.1(f)(2). Because neither the plaintiffs nor their attorneys have engaged in sanctionable conduct, the Court will deny both motions.

I. Background

The facts of the case are well known to the parties. The plaintiffs alleged in their original complaint that they are part of a class of individuals who suffered loss after the State of Michigan's

Unemployment Insurance Agency (UIA) implemented an automated system to detect fraudulent unemployment insurance claims, which malfunctioned. Between 2013 and 2015, the Agency used software developed by FAST and SAS to "robo-adjudicate" insurance claims without human oversight, which resulted in several thousand false fraud determinations. In addition to losing their benefits, the plaintiffs and other members of the putative class were assessed heavy penalties and deprived of any recourse. They now seek damages from the software and consulting companies involved in the system's implementation, as well as from the individual state employees responsible for the system's continued administration.

The plaintiffs filed their original complaint on March 2, 2017. The six-count complaint alleged that entity defendants FAST, SAS, and CSG Government Solutions violated Michigan negligent design and products liability laws, the Fourth and Fourteenth Amendments, the Michigan Constitution's prohibition against self-incrimination and excessive fines, and the False Claims Act. On May 23, 2017, the plaintiffs filed their first motion to amend the complaint, which was dismissed for failure to seek concurrence in compliance with the local rules. That same day, FAST and CSG filed motions to dismiss the complaint under Federal Rule of Civil Procedure 12(b).

On June 30, 2017, the Court permitted the plaintiffs to file an amended complaint, which added individual employees from the entities and the UIA as defendants and stated thirteen counts based on state and federal law. All four sets of defendants responded with another set of motions to dismiss. In addition to their Rule 12(b) motions, the FAST and SAS defendants filed these motions for sanctions based on their apparent disapproval of opposing counsel's pleading practices. Since then, the Court has ruled on the defendants' motions to dismiss and concluded that at least some of the counts in the amended complaint pass muster, including constitutional claims against

FAST and SAS. *See Cahoo v. SAS Institute, Inc.*, No. 17-10657, 2018 WL 1141807 (E.D. Mich. Mar. 2, 2018). With the disposition of those motions in mind, the Court will address each motion for sanctions in turn.

## II. FAST Enterprises

FAST's motion for sanctions stems from representations made to FAST's counsel by plaintiffs' counsel about that claims would be included in the plaintiffs' proposed first amended complaint. Before filing its motion to dismiss, counsel for FAST sent an email to the plaintiffs' attorney on May 20, 2017 outlining the flaws he saw in the complaint and seeking a conference about the motion to dismiss he was preparing. The plaintiffs' attorney responded on May 22, 2017 via email and agreed to drop the counts based on the Michigan Constitution and False Claims Act. Plaintiffs' counsel asserted at the time that other issues raised by FAST on the remaining claims either lacked merit or would be addressed by the proposed amended complaint. He also suggested postponing a conference until after the amended complaint was filed. Relying on that communication, FAST prepared a motion to dismiss that addressed all anticipated claims, including those based on self-incrimination and excessive fines which were raised in the original complaint as substantive due process violations via 42 U.S.C. § 1983. On May 23, 2017, the plaintiffs filed their motion for leave to amend and FAST filed its motion to dismiss. To FAST's consternation, the plaintiffs' proposed amended complaint did not include counts based on self-incrimination and excessive fines under section 1983. FAST subsequently filed the pending motion for sanctions on July 28, 2017, the same day it filed its second motion to dismiss the amended complaint.

FAST argues that plaintiffs' counsel deceptively allowed it to brief those two claims — work that ultimately was unnecessary — and seeks attorneys' fees under 28 U.S.C. § 1927. The

plaintiffs respond that they reserved the right to make decisions as to which claims would be pursued and were under no obligation to inform opposing counsel of changes in their litigation strategy.

Section 1927 permits courts "to assess excess costs, expenses, and attorney fees directly against an attorney 'who so multiplies the proceedings in any case unreasonably and vexatiously.'" *Waeschle v. Dragovic*, 687 F.3d 292, 296 (6th Cir. 2012) (quoting 28 U.S.C. § 1927). "This standard is satisfied when an attorney knows or reasonably should know that a claim pursued is frivolous." *Ibid.* (internal marks omitted). "A court may sanction an attorney under § 1927 for unreasonably and vexatiously multiplying the proceedings even in the absence of any 'conscious impropriety.'" *Hall v. Liberty Life Assur. Co. of Boston*, 595 F.3d 270, 275 (6th Cir. 2010) (quoting *Rentz v. Dynasty Apparel Indus., Inc.*, 556 F.3d 389, 396 (6th Cir. 2009)). The moving party must show "something less than subjective bad faith, but something more than negligence or incompetence." *Id.* at 276 (internal marks and citations omitted).

FAST cites four unpublished cases from this circuit in support of its position. Those cases, however, do not help FAST overcome the high bar set for an award of attorney's fees or costs under section 1927. The circumstances in those cases differ markedly from those before the Court. *See Liberty Legal Found. v. Nat'l Democratic Party*, 575 F. App'x 662, 663 (6th Cir. 2014) (affirming sanctions against plaintiff's counsel under section 1927 following district court's grant of defendant's motion to dismiss claims of misrepresenting Barack Obama's citizenship qualification to be President of the United States); *Bailey v. Papa John's USA, Inc.*, 236 F. App'x 200, 205 (6th Cir. 2007) (affirming sanctions under Rule 11 and section 1927 where plaintiffs' counsel did not withdraw baseless claim after discovery); *Ruschel v. Nestle Holdings, Inc.*, 89 F. App'x 518, 520-22 (6th Cir. 2004) (affirming award of attorneys' fees as a condition on leave to amend complaint

where plaintiff launched a series of "unconventional and dilatory filings designed to terminate his action without prejudice"); *Blumberg v. Ambrose*, 2015 WL 1737684, at *4-5 (E.D. Mich. Apr. 16, 2015) (awarding attorney's fees as a condition on leave to amend where plaintiff waited 12 months to file motion to amend). It cannot fairly be said that plaintiffs' counsel's course of conduct here rises to the level of the offending attorneys' actions in those cases. As the plaintiffs note in their response, plaintiffs' counsel were entitled to revise the proposed amended complaint as they deemed necessary up until the time of filing.

It appears that FAST's main grievance here is that plaintiffs' counsel did not give any indication in his May 22, 2017 email that he intended to drop the self-incrimination and excessive fines claims from the amended complaint he was preparing, and which he filed the next day. FAST seeks to penalize plaintiffs' counsel for, apparently, changing his mind about the viability of those claims between the time he sent the email on the morning of May 22, 2017 and when he filed the motion to amend the complaint on the afternoon of May 23, 2017. (FAST filed its motion to dismiss about an hour later.) It is difficult to see how that course of conduct can be characterized as "vexatious" under any definition of the term. And it also is not clear how those exchanges might have impacted FAST's attorney, who was already working on a motion to dismiss when the plaintiffs' attorney's email arrived. Moreover, that the plaintiffs ultimately abandoned arguably non-meritorious claims in their proposed amended complaint undermines a finding that their attorneys unreasonably and vexatiously multiplied the proceedings.

"The purpose [of section 1927] is to deter dilatory litigation practices and to punish aggressive tactics that far exceed zealous advocacy." *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 646 (6th Cir. 2006) (citing *Jones v. Continental Corp.*, 789 F.2d 1225,

1230-31 (6th Cir. 1986)). FAST filed a motion to dismiss based on claims it anticipated would be stated in the proposed amended complaint. It is not uncommon for parties to prepare arguments against claims that are abandoned before the Court rules on them. Section 1927 contemplates misconduct that goes beyond the bounds of routine litigation tactics. All that can be said about plaintiffs' counsel's actions here is that FAST may have suffered "routine" inconvenience. There is no basis to award attorney's fees or costs under section 1927.

### III. SAS Institute

SAS's motion for sanctions similarly condemns plaintiffs' counsel for pursuing what SAS believes to be frivolous claims. The greater part of SAS's and the plaintiffs' briefs reprise the arguments presented in the motion to dismiss and response. In the concluding pages of its brief, SAS challenges the sufficiency of plaintiffs' counsel's pre-filing investigation and argues that opposing counsel has persisted unreasonably in their pursuit of baseless claims.

SAS seeks attorneys' fees under both Federal Rule of Civil Procedure 11 and section 1927. Rule 11(b)(2) states that "[b]y presenting to the court a pleading, written motion, or other paper — whether by signing, filing, submitting, or later advocating it — an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . []the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." "Rule 11 sanctions may be awarded only if [the party's] conduct in the litigation was objectively unreasonable . . . or if [the party] did not have a reasonable basis for making her claim." *Montell v. Diversified Clinical Servs., Inc.*, 757 F.3d 497, 510 (6th Cir.

2014) (internal citations omitted). Rule 11 contains a "safe harbor" provision, *see* Fed. R. Civ. P. 11(c)(2), with which SAS complied.

There is no basis for an award of attorneys' fees under either legal theory. In deciding SAS's motion to dismiss, the Court determined that at least some of the plaintiffs' claims withstood the pleading standard under Rule 12(b)(6). *See Cahoo v. SAS Institute, Inc.*, No. 17-10657, 2018 WL 1141807 (E.D. Mich. Mar. 2, 2018). The amended complaint adequately pleaded facts to state viable claims for deprivation of the plaintiffs' rights to procedural due process, equal protection, and freedom from unreasonable seizures of property. *Id.* at *27. That the Court dismissed ten of the amended complaint's thirteen counts does not make SAS's case for sanctions. After all, "the term 'meritless' is to be understood as meaning groundless or without foundation, rather than simply that the plaintiff has ultimately lost his case." *Christianburg Garment Co. v. Equal Emp't Opportunity Comm'n*, 434 U.S. 412, 421 (1978). Based on the Court's disposition of SAS's motion to dismiss, plaintiffs' counsel did not lack a reasonable basis for pursuing claims against SAS and did not unreasonably or vexatiously multiply proceedings.

## IV. Conclusion

Based on the parties' submissions, neither FAST nor SAS have established their entitlement to the attorneys' fees and costs claimed.

Accordingly, it is **ORDERED** that defendant FAST Enterprises' motion for sanctions [dkt. #59] is **DENIED**.

It is further **ORDERED** that defendant SAS Institute's motion for sanctions [dkt. #107] is **DENIED**.

It is further **ORDERED** that the hearing on the defendants' motions on April 13, 2018 at 3:00 p.m. is **CANCELLED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   March 27, 2018

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 27, 2018.

s/Susan Pinkowski
SUSAN PINKOWSKI

---