UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATTI JO CAHOO, KRISTEN MENDYK,
KHADIJA COLE, HYON PAK, and
MICHELLE DAVISON,

                Plaintiffs,                          Case Number 17-10657
v.                                        Honorable David M. Lawson

SAS INSTITUTE INC., FAST
ENTERPRISES LLC, CSG GOVERNMENT
SOLUTIONS, STEPHEN GESKEY,
SHEMIN BLUNDELL, DORIS MITCHELL,
DEBRA SINGLETON, JULIE A.
McMURTRY, and SHARON
MOFFET-MASSEY,

                Defendants.

_____/

## ORDER GRANTING IN PART EMERGENCY MOTION FOR PROTECTIVE ORDER AND EXTENDING DISCOVERY DEADLINE

This matter is before the Court on the emergency motion by defendant, CSG Government Solutions, to proceed with the originally-scheduled deposition of its corporate representative on June 3, 2020, or alternatively, for a protective order precluding the plaintiffs from deposing CSG's corporate representative on any other date.

On May 18, 2020, the plaintiffs noticed a deposition under Federal Rule of Civil Procedure 30(b)(6) directed to representatives of CSG for June 3, 2020. The defendants served various objections to the deposition on May 27, 2020. On May 29, counsel for plaintiffs emailed counsel for CSG, advising him that the plaintiffs had a schedule conflict for the Rule 30(b)(6) deposition and needed to re-arrange the dates. The plaintiffs chose June 8, 2020 for the new deposition date, but CSG informed the plaintiffs that its witnesses were unavailable. The plaintiffs suggested other dates and asked if CSG would agree to conduct the deposition after the close of discovery, but

CSG declined. On June 2, 2020, the plaintiffs served an amended notice setting CSG's deposition for June 9, 2020. CSG maintains that it is unavailable for a deposition on that date and will not be available until after the close of discovery on June 12, 2020.

With the restrictions on travel and meeting during the current pandemic, it would seem that counsel would make extra efforts to accommodate schedules so that litigation could proceed in an orderly way and due respect could be paid to established scheduling benchmarks. CSG is entitled to stand on its rights to insist that discovery be completed within the time limits set out in the scheduling order. But there comes a point when insistence on such formalities must yield to circumstances.

On the other side of this dustup, plaintiffs' counsel contend that they have been inundated with requests to represent individuals involved in the recent protests in Detroit, and they have been involved in compassionate-release litigation brought by inmates in federal and state prisons contending with COVID-19 infestation. Although those may be worthy causes, counsel should be aware that if new matters arise that interfere with their preexisting obligations to their existing clients, they have an ethical duty to refuse new work. Counsels' recent representation of such individuals provides little excuse for further delaying the depositions in this matter.

Nonetheless, these are not normal times. The Court will enter a protective order precluding the plaintiffs from proceeding with the depositions on June 9, 2020, since that date appears to conflict with the schedule of counsel for CSG or the witnesses. The Court will deny the defendants' request to order the parties to conduct the deposition today. Instead, the Court will allow a modest expansion of the discovery deadline and direct the parties to complete the deposition of the CSG witnesses by June 22, 2020. The parties must confer to arrive at a mutually agreeable date to conduct the depositions.

- 3 -

Accordingly, it is **ORDERED** that the defendant's emergency motion for a protective order (ECF No. 334) is **GRANTED IN PART and DENIED IN PART**.  CSG's request for an order to conduct its corporate representative's deposition today, June 3, 2020, is **DENIED**. However, its request for a protective order precluding the plaintiffs from deposing its representative on June 9, 2020, is **GRANTED.**

It is **FURTHER ORDERED** that the discovery deadline is extended to **June 22, 2020**, for the purpose of completing the Rule 30(b)(6) depositions of the CSG witnesses, only.  Counsel must confer to arrive at a mutually agreeable date to conduct the depositions, with the interests of professionalism and civility foremost in their discussions.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   June 3, 2020