UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATTI JO CAHOO, KRISTEN
MENDYK, KHADIJA COLE, HYON
PAK, and MICHELLE DAVISON,
Individually and on behalf of
Similarly situated persons,                      Case No. 2:17-cv-10657

      Plaintiffs,                              Hon David M. Lawson
                                                 Hon. Mag. R. Steven Whalen
v.
SAS INSTITUTE INC.,
FAST ENTERPRISES LLC, CSG,
GOVERNMENT SOLUTIONS, INC.,
STEPHEN GESKEY, in his individual capacity,
SHEMIN BLUNDELL, in her individual
capacity, DORIS MITCHELL, in her individual
capacity, DEBRA SINGLETON, in her
individual capacity, and SHARON MOFFET-
MASSEY, in her individual capacity,
Jointly and severally,

      Defendants.

_____/


**PLAINTIFFS' MOTION TO STRIKE
DEFENDANTS'  SHARON MOFFETT-MASSEY, STEPHEN GESKEY,
SHEMIN BLUNDELL, DORIS MITCHELL, AND DEBRA SINGLETON
JOINT EXPERT DISCLOSURES
AND TO DEEM THE IDENTIFIED WITNESSES AS
<u>FACT WITNESSES ONLY IN THIS CASE</u>**

1

NOW COME Plaintiffs, by and through their attorneys, and move this Honorable Court for an order striking the Defendants' Sharon Moffett-Massey, Stephen Geskey, Shemin Blundell, Doris Mitchell, and Debra Singleton joint expert witness disclosures and/or deeming the witnesses as fact witnesses only based on Defendants' failure to comply with the disclosure requirements of Fed. R. Civ. P. 26 (a)(2)(C).  In support thereof, Plaintiffs state as follows:

1.     On October 31, 2019, this Honorable Court entered an amended scheduling order requiring Defendants to disclose regular (i.e. all those not being used for class certification) expert witnesses on or before March 16, 2019.

2.     On March 24, 2020,  this Honorable Court entered an order extending the time for Defendants' regular expert witness disclosures to May 5, 2020.

3.     On May 5, the Defendants' Sharon Moffett-Massey, Stephen Geskey, Shemin Blundell, Doris Mitchell, and Debra Singleton (hereafter 'State of Michigan Defendants'), jointly served Plaintiffs with *Defendants' Sharon Moffett-Massey, Stephen Geskey, Shemin Blundell, Doris Mitchell, and Debra Singleton Government Solutions' Joint Expert Witness Disclosures*.  (See document attached as Exhibit A).

4.     The State of Michigan Defendants' expert witness disclosures do not reasonably identify the subjects of expert testimony and wholly fail to provide a

2

summary of the facts and opinions that will be offered pursuant to Fed R. Evid. 702, 703 and 705.

5.    The State of Michigan Defendants statements of the subject matters of expert testimony is both overbroad and cursory, while their summary of the facts of upon which their purported experts will testify simply references the entire deposition transcripts for those witnesses.  Furthermore, the State of Michigan Defendants' disclosure fails to provide any statement, summary, or even a reference to the opinions that each witness may offer.

6.    Without reasonable disclosure of the subject matters upon which expert witness testimony will be sought and without a summary of the facts and opinions that the purported expert will testify, Plaintiffs are not provided fair notice of Defendants' expert witness testimony and are prejudiced in their ability to provide cross-examination and rebuttal witnesses and evidence.

7.    Pursuant to L.R. 7.1, Plaintiffs' counsel and counsel for the State of Michigan Defendants have conferred in good faith during a telephone conference on June 5, 2020.  The State of Michigan Defendants do not concur in the relief sought by Plaintiffs.

8.    As more fully, stated in Plaintiffs' following Brief in Support of this Motion, The State of Michigan Defendants fail to comply with the requirements of

Fed. R. Civ. P. 26 (a)(2)(C) and fail to provide Plaintiffs with reasonable notice of expert testimony to be offered pursuant to Fed R. Evid. 702, 703 and 705.

<u>**BRIEF IN SUPPORT OF PLAINTIFFS' MOTION**</u>

## I.     ISSUES PRESENTED

SHOULD THE STATE OF MICHIGAN DEFENDANTS' JOINT EXPERT WITNESS DISCLOSURES BE STRIKEN WHEN THE PURPORTED DISCLOSURES FAIL TO MEET THE REQUIREMENTS OF FED. R. CIV. P. 26 (a)(2)(C), BY FAILING TO REASONABLY IDENTIFY THE SUBJECT MATTERS OF THE WITNESSES' *EXPERT TESTIMONY* AND FAILING TO PROVIDE A SUMMARY OF THE FACTS AND OPINIONS OF THE WITNESSES THAT WILL BE OFFERED UNDER FED. R. EVID. 702, 703, AND 705.

## II.     CONTROLLING AUTHORITY

Fed. R. Civ. P. 26 (a)(2)(C)

Fed. R. Evid. 702

Fed. R. Evid. 703

Fed. R. Evid. 705

## III.     STATEMENT OF FACTS

On May 5, 2020, The State of Michigan Defendants served Plaintiffs' counsel with their joint expert witness disclosures. See Exhibit A.

The State of Michigan Defendants' disclosures identify the following persons as witnesses who will offer expert witness testimony pursuant to Fed. R. Evid. 702, 703, and 705:

- Clayton Tierney
- Deb Patterson
- Mandy Brickell
- Kate Potter
- Jessica Hart

- Kristina Kratz
- Kevin Smith
- Susan Easton
- Teresa Burns

Each of the individuals are or were employed by the State of Michigan's Unemployment Insurance Agency.

The State of Michigan Defendants' disclosures fail to reasonably identify the subject matters *of expert testimony* or provide a summary of the facts or opinions that any witness will offer *as an expert*.  Instead, Defendant provides an overbroad and cursory summary of the topic(s) upon which the witness may testify; references the deposition transcript for witnesses that have been deposed as the facts upon which the witness may testify; and *then makes no statement as to the opinions that the witness will offer* under Fed. R. Evid. 702, 703, and 705.

The disclosure of Mr. Tierney and Deb Patterson provide an example that is repeated for each of the witnesses.

The State of Michigan Defendants identify Mr. Tierney and Ms. Patterson as a single witness. Ex. A at 001.  Plaintiffs are unable to discern why or what is intended by disclosing the jointly, when all other persons are identified separately.

The subject matter of Tierney/Patterson's testimony is only identified as "Subject Matter: Implementation and functionality of the Michigan Integrated Date Automated System."  Id. This statement provides no notice as to the subject areas upon which expert testimony may be offered.  It is grossly overbroad and vague and

potentially encompasses all aspects of the MIDAS systems development and operation.

The disclosure then states the facts that Tierney/Patterson will testify to as "Facts: Mr. Tierney and Ms. Patterson are expected to testify as to the facts as set forth in Clay Tierney's deposition testimony." Id. Mr. Tierney's deposition spanned multiple dates and exceeds 750 pages of transcript. In no way, does this statement summarize the facts related to the opinions that will be offered as expert testimony. Rather, it seeks to require Plaintiffs to scrutinize 750 pages of deposition testimony, discover which statements may be considered facts by the Defendants and guess which may be offered in this case in support of undisclosed opinions.

Moreover, Defendants disclosure does not identify any opinions that Tierney/Patterson may offer. It provides no statement or summary and does not reference any source by which their opinions might be discovered.

*This pattern is repeated for each of the witnesses*, except in the case of Ms. Easton and Ms. Burns, who have not yet been deposed and thus no deposition transcripts exist. For those witnesses, the Defendants a vague and once sentence summary of purported facts.

For Ms. Easton, Defendants state "Facts: Ms. Easton may testify as to the contents of any of the plaintiffs' specific claims files and can provide information regarding the claims' adjudication process." The disclosure does not summarize any

specific facts upon which the witness will testify. Rather, it identifies potential subject areas but again without reference to any opinions that the expert might provide under the federal rules of evidence.

For Ms. Burns, Defendants state: "Facts: Ms. Burns can provide testimony regarding the federal requirements for claims adjudication, the state procedures enacted to meet the federal requirements, and audit and investigation results." Again, the disclosure does not summarize facts, but rather suggests potential subject areas of testimony and again, the disclosure states no opinions that the expert might provide.

As result, The State of Michigan Defendants improperly withholds the subject matters upon which its purported experts will testify and hides the facts and opinions that Defendants will seek to introduce.

## IV.   DISCUSSION

The Federal Rules of Civil Procedure at Rule 26 (a)(2)(C) require parties to disclose the subject matters upon which expert testimony will be introduced and a summary of the *opinions* that the witness will offer.  The rule reads:

> (C) *Witnesses Who Do Not Provide a Written Report.* Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:
>> (i) the **subject matter** on which the witness is expected to present evidence **under Federal Rule of Evidence 702, 703, or 705**; and

> (ii) **a summary of** the facts **and opinions** to which
> the witness is expected to testify.

Fed. R. Civ. P. 26 (a)(2)(C) (emphasis added).

The rule requires the disclosure of the subject matters of testimony and a summary of the opinions that will be offered under Fed. R. Evid. 702, 703, and 705. The cited evidentiary rules are those that permit *opinion testimony* from experts.

By failing to identify the subject matters or opinions upon which expert testimony will be offered, a party violates Fed. R. Civ. P. 26 (a)(2)(C).  A party equally violates the disclosure rule by burying the subject matters of expert testimony and the expert's opinions within a lengthy statement that solely identifies the factual matters upon which the witness will offer testimony as a fact witness.  In both instances, the party hides the required information — subject matter of expert testimony and expert's opinions — from opposing parties and prejudices the opposing party in conducting cross-examination and providing rebuttal testimony and evidence.

Courts have found that persons are properly excluded from testifying as experts "[w]here a party makes "no effort to provide a summary of the … opinions to which the witnesses are expected to testify, which fails to satisfy the requirements of Fed. R. Civ. P. 26(a)(2)(C)." *Garrison v. Sam's E., Inc.*, 2018 U.S. Dist. LEXIS 155411, at *7 (W.D. Ky. Sep. 12, 2018) (Attached as Exhibit B).  See also, *Sanford v. Russell*, 2019 U.S. Dist. LEXIS 78355 (E.D. Mich. May 9, 2019) (Attached as

Exhibit C); and  *Little Hocking Water Ass'n v. E.I. du Pont de Nemours & Co.*, No. 2:09-CV-1081, 2015 U.S. Dist. LEXIS 147527 (S.D. Ohio Oct. 30, 2015) (Attached as Exhibit D).

In the present case, The State of Michigan Defendants have engaged in precisely these practices to the prejudice of the Plaintiffs.

## V.    CONCLUSION

The State of Michigan Defendants' expert witness disclosures fail to reasonably identify the subjects upon which expert witness testimony will be sought and do not provide a summary of the facts and opinions that will be offered pursuant to Fed R. Evid. 702, 703 and 705.  As a result, Defendant's disclosures do not meet the requirements for disclosure of experts under Fed. R. Civ. P. 26 (a)(2)(C) and the disclosures should be stricken and/or the identified witnesses be deemed fact witnesses only in this case.

WHEREFORE Plaintiffs respectfully request that this Honorable Court enter an order striking Defendants' expert witness disclosures and/or deeming the identified persons as fact witnesses only.

Respectfully submitted,

/s/ John C. Philo_____
John C. Philo (P52721)
SUGAR LAW CENTER FOR
ECONOMIC & SOCIAL JUSTICE
4605 Cass Avenue, Second Floor
Detroit, Michigan 48201
(313) 993-4505 / (313) 887-8470 (FAX)
jphilo@sugarlaw.org
***Attorneys for Plaintiffs***

Date:    June 5, 2020

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 5, 2020, I electronically filed the ***PLAINTIFFS'***
***MOTION TO STRIKE DEFENDANTS' SHARON MOFFETT-MASSEY,***
***STEPHEN GESKEY, SHEMIN BLUNDELL, DORIS MITCHELL, AND***
***DEBRA SINGLETON'S JOINT EXPERT WITNESS DISCLOSURES AND TO***
***DEEM THE IDENTIFIED WITNESSES AS FACT WITNESSES ONLY IN***
***THIS CASE*** with the Clerk of the Court using the ECF system which will send
notification of such filing to all attorneys of record.

Respectfully submitted,

<u>/s/ John C. Philo</u>
John C. Philo (P52721)
SUGAR LAW CENTER FOR
ECONOMIC & SOCIAL JUSTICE
4605 Cass Avenue, Second Floor
Detroit, Michigan 48201
(313) 993-4505 / (313) 887-8470 (FAX)
jphilo@sugarlaw.org
***Attorneys for Plaintiffs***

Date:   June 5, 2020