UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATTI JO CAHOO, KRISTEN
MENDYK, KHADIJA COLE, HYON
PAK, and MICHELLE DAVISON,
Individually and on behalf of
Similarly situated persons,                        Case No. 2:17-cv-10657

    Plaintiffs,                                    Hon David M. Lawson
                                                    Hon. Mag. R. Steven Whalen

v.
SAS INSTITUTE INC.,
FAST ENTERPRISES LLC, CSG,
GOVERNMENT SOLUTIONS, INC.,
STEPHEN GESKEY, in his individual capacity,
SHEMIN BLUNDELL, in her individual
capacity, DORIS MITCHELL, in her individual
capacity, DEBRA SINGLETON, in her
individual capacity, and SHARON MOFFET-
MASSEY, in her individual capacity,
Jointly and severally,

    Defendants.
_____/

**PLAINTIFFS' MOTION TO BAR
DEFENDANTS' SHARON MOFFETT-MASSEY, STEPHEN GESKEY,
SHEMIN BLUNDELL, DORIS MITCHELL, AND DEBRA SINGLETON
<u>PROPOSED EXPERT WITNESSES</u>**

NOW COME Plaintiffs, by and through their attorneys, and move this Honorable Court for an order barring Defendants' Sharon Moffett-Massey, Stephen Geskey, Shemin Blundell, Doris Mitchell, and Debra Singleton' proposed witnesses

1

from testifying as experts under Fed R. Evid. 702, 703 and 705. In support thereof, Plaintiffs state as follows:

1. On May 5, 2020, Defendants served Plaintiffs with *Defendants' Sharon Moffett-Massey, Stephen Geskey, Shemin Blundell, Doris Mitchell, and Debra Singleton Government Solutions' Joint Expert Witness Disclosures*. See document attached as Exhibit A.

2. Defendants' proposed witnesses are not qualified to testify as experts under Fed R. Evid. 702, 703 and 705 since:

    a. The subject matters of proposed testimony from witnesses Mandy Brickel, Jessica Hart, Kate Potter, Kevin Smith, Clayton Tierney, Deb Patterson, Kristina Kratz, Susan Easton, and Teresa Burns to the extent it has been identified at all, are not properly the subjects of expert testimony, but rather concern factual matters to which knowledgeable fact witnesses must testify; and

    b. Mandy Brickel, Jessica Hart, Kate Potter, Kevin Smith, Clayton Tierney, Deb Patterson, Kristina Kratz, Susan Easton, and Teresa Burns are not qualified by knowledge, skill, experience, training or education to provide expert testimony under Fed R. Evid. 702, 703 and 705.

3. Pursuant to L.R. 7.1, Plaintiffs' counsel and counsel for the Defendants have conferred on June 30 via an email exchange, however at the time of filing this motion counsel for the Defendants was unable to speak via a phone conference and was not in agreement with the relief requested by Plaintiffs.

4. As more fully stated in Plaintiffs' following Brief in Support of this Motion, the subject matters of Defendants' Sharon Moffett-Massey, Stephen

Geskey, Shemin Blundell, Doris Mitchell, and Debra Singleton' proposed opinion testimony is not properly the subject of expert testimony under Fed R. Evid. 702, 703 and 705 and the proposed experts are clearly not qualified to testify under Fed R. Evid. 702, 703 and 705.

# BRIEF IN SUPPORT OF PLAINTIFFS' MOTION

## I.   ISSUES PRESENTED

1. SHOULD DEFENDANTS' PROPOSED WITNESSES BE BARRED FROM PROVIDING EXPERT TESTIMONY UNDER FED. R. EVID. 702, 703, AND 705, WHEN:

    a. THE PROPOSED SUBJECT MATTERS OF TESTIMONY FROM MANDY BRICKEL, JESSICA HART, KATE POTTER, KEVIN SMITH, CLAYTON TIERNEY, DEB PATTERSON, KRISTINA KRATZ, SUSAN EASTON, AND TERESA BURNS WHOLLY CONCERNS FACTUAL MATTERS TO WHICH KNOWLEDGEABLE FACT WITNESSES MUST TESTIFY; AND

    b. MANDY BRICKEL, JESSICA HART, KATE POTTER, KEVIN SMITH, CLAYTON TIERNEY, DEB PATTERSON, KRISTINA KRATZ, SUSAN EASTON, AND TERESA BURNS ARE ENTIRELY UNQUALIFIED TO PROVIDE EXPERT TESTIMONY UNDER FED. R. EVID. 702, 703, AND 705.

## II.   CONTROLLING AUTHORITY

### A. Federal Rules of Evidence

Fed. R. Evid. 702
Fed. R. Evid. 703
Fed. R. Evid. 705

### B. Case Law

*Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 119 S. Ct. 1167 (1999)
*United States v. Whyte*, 795 F. App'x 353 (6th Cir. 2019)
*Busch v. Dyno Nobel*, 40 F. App'x 947 (6th Cir. 2002)
*Smelser v. Norfolk S. Ry.*, 105 F.3d 299 (6th Cir. 1997).

## III. STATEMENT OF FACTS

Defendants' disclosures identify the following persons as witnesses who will offer expert witness testimony pursuant to Fed. R. Evid. 702, 703, and 705:

- Mandy Brickel,
- Jessica Hart,
- Kate Potter,
- Kevin Smith,
- Clayton Tierney,
- Deb Patterson,
- Susan Easton
- Kristina Kratz, and
- Teresa Burns.

While Defendants' disclosures fail to reasonably provide a summary of the facts or opinions that any witness will offer *as an expert*, the disclosures make clear that the Defendants intend to offer expert testimony that is not properly the subject of expert testimony and the identified witnesses are clearly not qualified to testify as experts concerning any of the issues in this case.

### A. Proposed Testimony of Mandy Brickel, Jessica Hart, Kate Potter, Kevin Smith, and Clayton Tierney Under Fed. R. Evid. 702, 703, and 705.

Defendants' purported expert witness disclosures provide no summary or the facts or opinions that the Defendants will seek from witnesses Mandy Brickel, Jessica Hart, Kate Potter, Kevin Smith, Clayton Tierney, Deb Patterson, Kristina Kratz, Susan Easton, and Teresa Burns. Based on the subject matters stated for these witnesses however, it is clear that the subject matter of any testimony from witnesses

Mandy Brickel, Jessica Hart, Kate Potter, Kevin Smith, Clayton Tierney, Deb Patterson, Kristina Kratz, Susan Easton, and Teresa Burns is outside the scope of that allowed under Fed. R. Evid. 702 and that none of these witnesses qualify as experts on the issues in this case.

Regarding the subjects of Ms. Brickel's testimony, the Defendants' state as follows:

> Information related to the policies and procedures regarding claims adjudication and Plaintiffs' claims for unemployment benefits.

Exhibit A, at 2-3. The Defendants' disclose further that Ms. Hart, Ms. Potter, Mr. Smith, Ms. Kratz, Ms. Easton and Ms. Burns will testify **in the exact same manner on the exact same subjects**. *Id.* at 1-3. Even if these witnesses were qualified to testify as experts, the subject matters of their testimony are unduly duplicative.

Omitted entirely from the disclosure is the area of scientific, technical or specialized knowledge that would be applied to an in rendering opinions on the agency's policies and procedures and on the Plaintiffs' claims; how such knowledge would aid an understanding of the issues; and how these particular individuals are at all qualified to testify concerning files that they did not work on and were not assigned to.

*It is uncontested that Mandy Brickel, Jessica Hart, Kate Potter, Kevin Smith, Kristina Kratz, Susan Easton and Teresa Burns were not the claims examiners*

6

*assigned to the Plaintiffs' files* at the time that the Plaintiffs' claims were auto-adjudicated. It is further uncontested that these individuals *have no scientific, technical or other specialized knowledge regarding the development of MiWAM, MIDAS, computer interfaces, and related printouts concerning the claimants' files*. Rather, they are simply claims' examiners and similar personnel at the State of Michigan who have no particular expertise or expert qualifications in this matter. Defendants clearly intend to have these limited fact witnesses[1], render *opinions speculating* on what might have or could have been done on particular claimants' files by others without calling the actual claims' examiners who were assigned to and who actually worked on those files. This is not a proper subject of expert testimony and opinion testimony is not permitted in this manner under Rule 702, 703 and 705.

Likewise, Clayton Tierney and Deb Patterson are identified as an expert on the subject of "Implementation and functionality of the Michigan Integrated Data Automated System." *Id*. at 1. Again, the Defendants fail to identify any areas of scientific, technical, or specialized knowledge to which Mr. Tierney or Ms. Patterson

---

[1] These witnesses are limited fact witnesses in that they may have direct knowledge regarding a particular form used by the Agency and perhaps on some of the processes that claims examiner generally used, but they are in no way *experts* qualified to render *opinions* as to what, in fact was done on claimants' files to which they were not assigned and have no direct knowledge.

7

might testify and how they are any way qualified to testify in such areas. The disclosure suggests that each might be an expert regarding computer software and/or automation in public benefits programs. Neither are known to have any expertise in these areas. Rather, each is simply a career employee of the State of Michigan who happened to be placed in a role where they worked on the MIDAS system during its development and implementation. That experience however does not make them fact witnesses, not experts in any particular subject area.

Moreover, none of these witnesses — Mandy Brickel, Jessica Hart, Kate Potter, Kevin Smith, Clayton Tierney, Deb Patterson, Kristina Kratz, Susan Easton, and Teresa Burns — have sufficient education, training or experience to testify as 'experts' on any subject area at issue in this case.

None of these individuals have an educational background or notable experience concerning computers, software, public benefits systems generally, automation of such systems, or the legal requirements and regulation of such systems. None have any special training or particular knowledge of such matters. Rather, each learned their work on the MIDAS system alone — that is the sum total of their expertise and, while it may qualify them to testify as fact witnesses, it does not qualify them to render expert opinion testimony in this case.

## IV. DISCUSSION

The Federal Rules of Evidence at Rule 702 describes the persons who may provide expert opinion testimony. The Rule reads:

> A witness who is ***qualified as an expert by knowledge, skill, experience, training, or education*** may testify in the form of an opinion or otherwise if:
>
> > **(a)** the expert's scientific, technical, or other ***specialized knowledge will help the trier of fact*** to understand the evidence or to determine a fact in issue;
> > **(b)** the testimony is ***based on sufficient facts*** or data;
> > **(c)** the testimony is the ***product of reliable principles and methods***; and
> > **(d)** the expert has ***reliably applied the principles and methods to the facts*** of the case.

Fed R. Evid. 702. (Emphasis added).

The federal rules are clear in stating that the expert must have specialized knowledge in a field and apply the reliable principles and methods of that field when reaching their opinions. The Advisory Committee's notes caution:

> The expert's testimony ***must be grounded in an accepted body of learning or experience in the expert's field***, and the expert must explain how the conclusion is so grounded … The amendment requires that the testimony ***must be the product of reliable principles and methods that are reliably applied to the facts*** of the case. While the terms "principles" and "methods" may convey a certain impression when applied to scientific knowledge, they remain relevant when applied to testimony based on technical or other specialized knowledge.

Fed. R. Evid. 702, Advisory Committee Notes to 2000 Amendments, ¶¶ 10-11. (Emphasis added).

> If the witness is relying solely or primarily on experience, then the witness must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and ***how that experience is reliably applied to the facts***. ***The trial court's gatekeeping function requires more than simply "taking the expert's word for it."*** See Daubert v. Merrell Dow Pharmaceuticals, Inc., 43 F.3d 1311, 1319 (9th Cir. 1995).

*Id*., ¶ 13. (Emphasis added).

In the present case, Defendants violate Rule 702 by seeking to elicit opinion testimony in areas where such testimony is not permitted and through witnesses who do not possess specialized knowledge or experience.

### A. The Proposed Expert Opinion Testimony of Mandy Brickel, Jessica Hart, Kate Potter, Kevin Smith, and Clayton Tierney Do Not Concern An Area Of Scientific, Technical, or Specialized Knowledge And These Witnesses Are Not Qualified By Their Education, Training, Or Experience To Give Expert Opinion Testimony In This Case.

Federal Rule 702 provides that experts who have specialized knowledge, skill, experience, or training may provide opinion testimony based on reliable principles and methods found within their field of expertise. Fed R. Evid. 702.

The Supreme Court has stated that the relevant inquiry to insure the reliability of expert testimony is to "make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same

10

level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152, 119 S. Ct. 1167, 1176 (1999). This rule is applied to both scientific and non-scientific expert testimony. The Sixth Circuit states:

> Non-scientific expert testimony must be evaluated pre-trial with an equal degree of exactitude, **ensuring … that the expert is basing the testimony on "the same level of intellectual rigor that characterizes the practice in the relevant field."**

*Busch v. Dyno Nobel*, 40 F. App'x 947, 960 (6th Cir. 2002) (Citation omitted, and emphasis added).

When expert testimony is not based on the reliable methodology or principles of a recognized field of expertise, the opinions rendered are essentially the personal or subjective beliefs of the witness and are not admissible. An expert's opinion **may not be the expert's subjective belief or essentially unsupported speculation**. *Smelser v. Norfolk S. Ry.*, 105 F.3d 299, 303 (6th Cir. 1997).

In the present case, the proposed testimony of Mandy Brickel, Jessica Hart, Kate Potter, Kevin Smith, Clayton Tierney, Deb Patterson, Kristina Kratz, Susan Easton, and Teresa Burns is not within any known area of scientific, technical or specialized knowledge and there is no question that their testimony does not invoke or apply any known and reliable principles or methodology within an area of expertise. Instead, their testimony is simply the observations and knowledge of fact

witnesses in areas where they had brief on-the-job training[2] and for a very short period of time, applied some of that training.[3] Their opinion testimony would be impermissible personal beliefs and speculation.

Notably, the subjects of their testimony are not areas where expert testimony would be helpful. "[A] district court may commit manifest error by admitting expert testimony where … the subject matter of the expert's testimony is not beyond the ken of the average juror." *United States v. Whyte*, 795 F. App'x 353, 360 (6th Cir. 2019). There has been no showing that the proposed subject areas of their fact testimony would be aided by any form of expert opinion testimony.

In this case, Mandy Brickel, Jessica Hart, Kate Potter, Kevin Smith, Clayton Tierney, Deb Patterson, Kristina Kratz, Susan Easton, and Teresa Burns are being proposed to give testimony regarding the claims of the Plaintiffs – yet none were assigned to the claims of the Plaintiffs in the job assignments and none are known to have worked on the Plaintiffs' claims during the relevant time period. Their

---

[2] Notably, the training was on the use of the MIDAS system and was developed by the Defendant Fast Enterprises. The training itself was conducted by Defendant Fast along with personnel from the State Department of Management Budget and Technology and/or Unemployment Insurance Agency.

[3] Defendants have repeatedly stated that the MIDAS system was only used for the auto-adjudication of fraud claims for less than two years. As a result, any experience these witnesses have with that process is highly limited.

testimony as 'experts' will not assist the trier of fact, as much as calling the persons who actually were assigned to those files to render testimony.

Finally, as stated above, Mandy Brickel, Jessica Hart, Kate Potter, Kevin Smith, Clayton Tierney, Deb Patterson, Kristina Kratz, Susan Easton, and Teresa Burns do not have the qualifications of an expert to render opinion testimony under the rules of evidence. None have any background, education, training or experience in a field at issue. While they might be qualified to generally testify to the factual process of claims processing and adjudication in unemployment matters in Michigan, none qualify as experts in unemployment insurance processes generally, automated systems generally or even the MIDAS system itself. Rather in each case, the witness would be testifying solely based on their own limited personal experience and brief training with the MIDAS system and then speculating regarding opinions offered.

## V.  CONCLUSION

Since the subject matter of their testimony exceeds the scope of permissible opinion testimony under Rule 702, Defendants' Sharon Moffett-Massey, Stephen Geskey, Shemin Blundell, Doris Mitchell, and Debra Singleton purported experts should be found barred from providing expert opinion testimony in this case.

The subject matters of proposed testimony from witnesses Mandy Brickel, Jessica Hart, Kate Potter, Kevin Smith, Clayton Tierney, Deb Patterson, Kristina

Kratz, Susan Easton, and Teresa Burns concerns factual matters to which knowledgeable fact witnesses must testify and each of these witnesses do not possess the requisite education, training, or experience to qualify as experts on any subject at issue.

WHEREFORE, Plaintiffs respectfully request that witnesses Mandy Brickel, Jessica Hart, Kate Potter, Kevin Smith, Clayton Tierney, Deb Patterson, Kristina Kratz, Susan Easton, and Teresa Burns be barred from providing expert opinion testimony under Fed R. Evid. 702, 703 and 705.

                        Respectfully submitted,
                        /s/ John C. Philo
                        John C. Philo (P52721)
                        SUGAR LAW CENTER FOR
                        ECONOMIC & SOCIAL JUSTICE
                        4605 Cass Avenue, Second Floor
                        Detroit, Michigan 48201
                        (313) 993-4505 / (313) 887-8470 (FAX)
                        jphilo@sugarlaw.org
                        ***Attorneys for Plaintiffs***

Date:   June 30, 2020

## CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2020, I electronically filed the ***PLAINTIFFS' MOTION TO BAR DEFENDANTS' SHARON MOFFETT-MASSEY, STEPHEN GESKEY, SHEMIN BLUNDELL, DORIS MITCHELL, AND DEBRA SINGLETON PROPOSED EXPERT WITNESSES*** with the Clerk of the Court using the ECF system which will send notification of such filing to all attorneys of record.

Respectfully submitted,

/s/ John C. Philo
John C. Philo (P52721)
SUGAR LAW CENTER FOR
ECONOMIC & SOCIAL JUSTICE
4605 Cass Avenue, Second Floor
Detroit, Michigan 48201
(313) 993-4505 / (313) 887-8470 (FAX)
jphilo@sugarlaw.org
***Attorneys for Plaintiffs***

Date:   June 30, 2020