UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATTI JOE CAHOO, KRYSTEN
MENDYK, KHADIJA COLE, HYON
PAK and MICHELLE DAVISON,

   Plaintiffs,          No. 17-10657

v.               District Judge David M. Lawson
                Magistrate Judge R. Steven Whalen

FAST ENTERPRISES, LLC, CSG
GOVERNMENT SOLUTIONS,
STEVEN GESKEY, SHEMIM
BLUDELL, DORRIS MITCHELL,
DEBRA SINGLETON, SHARON
MOFFET-MASSEY, SAS INSTITUTE,
INC., and MICHIGAN DEPT. OF
TECHNOLOGY AND BUDGET,

   Defendants.
_____/

**OPINION AND ORDER**

  Before the Court is Defendant SAS Institute, Inc's ("SAS's") Renewed Motion to Deem Admitted SAS's First Requests for Admission to Plaintiffs [ECF No. 268]. Because Plaintiffs' responses to the Requests for Admission ("RFAs"), and because Defendant's arguments to the contrary are more appropriately addressed in a motion for summary judgment, the present motion is DENIED as to the request to deem Plaintiffs' responses admitted, but GRANTED to the extent that Plaintiffs will be required to serve supplemental responses.

            **I. FACTS**

  This case centers on an automated fraud detection system used by the Michigan Unemployment Insurance agency that is alleged to have improperly and erroneously

misidentified Plaintiffs and proposed class members as having submitted fraudulent claims. Plaintiffs allege that this automated system, named MiDAS, "was defectively designed, implemented, and/or maintained by Defendants SAS, Fast and CSG and the individual Defendants." *Amended Complaint* [ECF No. 43, PageID.749]. Plaintiffs allege that "[t]he system was so defectively designed, implemented and maintained that it had a margin of error of over 93% when making the automated fraud determinations with no human involvement, and a margin of error of approximately 50% with human involvement." *Id*. Defendant SAS is named in Count I (negligent production), Count II (breach of implied warranty), Count IV (breach of express warranty), Count V (failure to warn), and Count VIII (civil conspiracy).

SAS contends that it licensed and configured a software known as EFDS (Electronic Fraud Detection Software), which is distinct from MiDAS. SAS challenges Plaintiffs' responses to RFAs 1, 3-6, 8-26, 29-32, and 40-42.

RFA 1, 3, and 4 ask Plaintiffs to admit that SAS did not "design, create, implement, configure, control, or maintain" MiDAS, MiWAM, or any software other than EFDS. Plaintiffs respond that they "lack sufficient knowledge or information to conclusively admit or deny this request, since after reasonable inquiry, the information that is known or can be readily obtained outside of formal discovery in this case is insufficient to enable it to admit or deny."[1] They further state, "The scope of the work that Defendant SAS was contracted to perform and its relationship to, role within, and integration with the MiDAS system is the subject of discovery in this case and discovery

---

[1] As to every request to which Plaintiffs neither admit nor deny, they assert that even though they have made a reasonable inquiry, "the information that is known or can be readily obtained outside of formal discovery in this case is insufficient to enable it to admit or deny."

is ongoing." As to RFA 1, they state, "However, based on Plaintiffs' information thus far, EFDS played a pivotal role in the design, creation, implementation, configuring, controlling, and/or maintaining MiDAS so to that extent it is denied."

RFA 5 and 6 ask about the time frame during which EFDS was first employed. Again, Plaintiffs respond that after making a reasonable inquiry, they lack sufficient information to either admit or deny, but add that the State of Michigan's April, 2015 quarterly report appears to conflict with the facts underlying the RFAs.

RFA 8-26 generally ask Plaintiffs to admit that EFDS did not cause any of the harm or damages alleged in the complaint. For example, RFA 9 states, "Admit that EFDS did not terminate unemployment insurance claimants' rights to receive benefits." RFA 13 states, "Admit that EFDS did not make fraud determinations." And so on. The Plaintiffs' responses were consistently along the lines of "it appears that EFDS was part of and contributed to a system" that led to the particular harms alleged in the complaint, so to that extent [the RFA] is denied." The responses further state that "the scope of the EFDS system and its role" with regard to the fraud determinations "is the subject of discovery in this case and discovery is ongoing." In response to RFA 32 ("Admit that you have no evidence that the EFDS software had a 93% margin of error in flagging claims for investigation"), Plaintiffs state that this is subject to ongoing discovery, and that "[i]t appears that EFDS was part of and contributed to the system that had a 93% margin of error, so to that extent it is denied."

## II. STANDARD OF REVIEW

Fed.R.Civ.P. 36(a)(1) provides that a party may serve on another party "a written request to admit, ... the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (b) the genuineness

of any described documents." Fed.R.Civ.P. 36(a)(4), which governs Requests for Admission, provides:

> "If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny."

"The requesting party may move to determine the sufficiency of an objection or answer, and the court may order than an answer be served or order either that the matter is admitted or that an amended answer be served." *Dobrowski v. Jay Dee Contractors, Inc.*, 2008 WL 2157061, at *1 (E.D. Mich. May 21, 2008)(citing Fed.R.Civ.P. 36(a)(6)).

### III. DISCUSSION

If the Plaintiffs had merely responded that they were unable to admit or deny a request for admission because they lacked sufficient knowledge, their responses would be facially deficient. *See Estate of Majors v. Gerlach*, 2018 WL 3429979 (E.D. Mich., July 16, 2018), citing *Drutis v. Rand McNally & Co.*, 236 F.R.D. 325, 330 (E.D. Ky. 2006). However, in each response, Plaintiffs state that they neither admit nor deny, *after making a reasonable inquiry*. By way of explanation, they go on to state that at the time of their responses, discovery was ongoing. This is in literal compliance with the Rule 36(a)(4). *Id*. Moreover, the Plaintiffs give at least partial denials to the requests. See, for example, response to RFA 1 ("based on Plaintiffs' information thus far, EFDS played a pivotal role in the design, creation, implementation, configuring, controlling, and/or maintaining MiDAS so to that extent it is denied"); RFA 8-26 ("it appears that EFDS was part of and contributed to a system" that led to the particular harms alleged in the complaint, so to

-4-

that extent [the RFA] is denied"); RFA 32 ("[i]t appears that EFDS was part of and contributed to the system that had a 93% margin of error, so to that extent it is denied"). This again is in compliance with the Rule, which requires the responding party to " specify the part admitted and qualify or deny the rest."

A core issue with regard to Defendant SAS is whether and to what extent its software contributed to the errors of the MiDAS system. SAS alleges that it did not contribute to the alleged deficiencies of MiDAS in any way, and its motion reads very much like an argument for summary judgment. However, a motion to determine the sufficiency of a response to a request for admission is not the proper vehicle to litigate clearly disputed factual issues. It is to ensure that "each party is aware, as the litigation progresses, whether or not a particular issue has been admitted or is still in dispute." *Foretich v. Chung*, 151 F.R.D. 3 (D. D.C. 1993), citing Fed.R.Civ.P. 36 advisory committee's note. *See also Schmalz, Inc. v. Better Vacuum Cups, Inc.*, 2017 WL 3301326, at *1–2 (E.D. Mich. July 14, 2017), citing *Foretich*. In other words, a motion under Rule 36 is not a motion to determine the accuracy or the credibility of a response to a request for admission. "Such issues were deemed appropriate for summary judgment, not for litigating the propriety of RFA answers." *Id*.

Thus, both the Plaintiffs' partial or qualified denials and their statement that after a reasonable inquiry they could neither admit nor deny the requests were proper responses under Rule 36(a)(4).

Nevertheless, the Plaintiffs stated that their lack of sufficient information to completely or unequivocally admit or deny was due to the fact that discovery was still ongoing. Discovery has now closed. Under Fed.R.Civ.P. 36(a)(6), the Court may order that an amended answer be served. Therefore, while it is not appropriate to deem the

requests admitted (which would be the functional equivalent of granting summary judgment), I will order the Plaintiffs to serve supplemental responses to all of the RFAs discussed above.[2]

### IV. CONCLUSION

Defendant SAS's motion [ECF No. 268] is DENIED IN PART AND GRANTED IN PART. The motion is DENIED as to the request to deem Plaintiffs' responses admitted, but GRANTED to the extent that Plaintiffs are required to serve supplemental responses. Plaintiffs will serve supplemental responses within 21 days of the date of this Order.

IT IS SO ORDERED.

s/R. Steven Whalen
R. STEVEN WHALEN
United States Magistrate Judge

Dated: July 28, 2020


### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on July 28, 2020 electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager

---

[2] I note that Defendant SAS has filed a motion to dismiss for lack of subject matter jurisdiction [ECF No. 288]. Plaintiff's have not filed a response to that motion, and according to SAS, Plaintiffs do not oppose it. *See* SAS Reply Brief [ECF No. 393, PageID.17400] ("Plaintiffs have represented to SAS that they agree to dismiss SAS from the case and do not intend to respond...."). It is unclear why Plaintiffs have not stipulated to dismiss SAS.