UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATTI JO CAHOO, KRISTEN
MENDYK, KHADIJA COLE, HYON
PAK, and MICHELLE DAVISON,
Individually and on behalf of
Similarly situated persons,    Case No. 2:17-cv-10657

    Plaintiffs,    Hon David M. Lawson
        Hon. Mag. R. Steven Whalen

v.
SAS INSTITUTE INC.,
FAST ENTERPRISES LLC, CSG,
GOVERNMENT SOLUTIONS, INC.,
STEPHEN GESKEY, in his individual capacity,
SHEMIN BLUNDELL, in her individual
capacity, DORIS MITCHELL, in her individual
capacity, DEBRA SINGLETON, in her
individual capacity, JULIE A. McMURTRY, in
her individual capacity; and SHARON
MOFFET-MASSEY, in her individual capacity,
Jointly and severally,

    Defendants.
_____/

## **MOTION FOR LEAVE TO FILE ITEMS UNDER SEAL**

# INDEX OF DOCUMENTS PROPOSED FOR SEALING

| PROPOSED DOCUMENTS | PARTIES OBJECTING |
|---|---|
| Response to FAST MSJ Ex. 4: Nonmonetary Meeting Minutes | |
| Response to FAST MSJ Ex. 5: Nonmonetary Determinations Spreadsheet | |
| Response to FAST MSJ Ex. 6: Nonmonetary Team Meeting Minutes 2/13/13 | |
| Response to FAST MSJ Ex. 13; Response to State Defendant MSJ Ex. 2 Email Chain w/ Easton, et al | |
| Response to FAST MSJ Ex. 19; Response to CSG MSJ Ex. 21: Response to State Defendant MSJ Ex.9 FAST Functional Overview, etc. PowerPoint | |
| Response to FAST MSJ Ex. 21; Response to CSG MSJ Ex. 25: Nonmonetary Business Rules Spreadsheet - 9/25/12 | |
| Response to CSG MSJ Ex. 3: Requirement Session Meeting Minutes | |
| Response to CSG MSJ Ex. 10: Definition & Design Meeting Minutes | |
| Response to CSG MSJ Ex. 12: | |

    Non-Monetary Consolidated Comments

    Response to CSG MSJ Ex. 15:
    Implementation Specification Document

    Response to CSG MSJ Ex. 16:
    Definition Meeting Notes Document

    Response to CSG MSJ Ex. 17:
    Business Rule Document

1. The public disclosure of Plaintiffs' Response to FAST's Motion for Summary Judgment Exhibit 1/ Plaintiffs' Response to State Defendants' Motion for Summary Judgment Exhibit 2 would affect the privacy interests of nonparties or third parties, particularly, a claimant.

2. The items proposed for sealing were designated as "confidential" under a protective order, ECF. 159, which does not allow filing under seal without bringing a separate motion.

3. As to Plaintiffs' Response to FAST's Motion for Summary Judgment Exhibits 4, 5, 6, 19 and 21, Plaintiffs' Response to State Defendants' Motion for Summary Judgment Exhibit 9 and Plaintiffs' Response to CSG's Motion for Summary Judgment Exhibits 3, 10, 12, 15, 16, 17, 21, and 25, Plaintiffs do not believe that these items should have been deemed confidential as they belong to the State of Michigan and would thus seem to be public documents or emails between state employees. However, Defendants previously asserted that the items contain trade secrets and/or confidential commercial

information and the Court granted a protective order pursuant to FRCP 26(c)(1)(G).  Because there is a protective order in place governing the proposed item, the request to seal satisfies legal authority.  "[R]ule 26(c) allows the **sealing** of court papers only 'for good cause shown' to the court that the particular **documents** justify court-imposed secrecy." *P&G v Bankers Trust Co*, 78 F3d 219, 227 (CA 6, 1996).   Since the Court already concluded that there was good cause to keep the item secret, there is good cause to seal it.

4.  Plaintiffs' Response to FAST's Motion for Summary Judgment Exhibit 1/ Plaintiffs' Response to State Defendants' Motion for Summary Judgment Exhibit 2 contains private information an Unemployment Insurance claimant.  That information is confidential pursuant to MCL 421.11 and 20 CFR 603(B).  Because there is a protective order in place governing the proposed item, the request to seal satisfies legal authority.  "[R]ule 26(c) allows the **sealing** of court papers only 'for good cause shown' to the court that the particular **documents** justify court-imposed secrecy." *P&G v Bankers Trust Co*, 78 F3d 219, 227 (CA 6, 1996).   Since the Court already concluded that there was good cause to keep the item secret, there is good cause to seal it.

5. Plaintiffs require the proposed items to support their Response to Defendants' Motions for Summary Judgment.

6. It would be inequitable to find that the items should be kept secret based on Defendants assertions, and not allow Plaintiffs to file them under seal when Plaintiffs require the items to support their motion for class certification.

7. Pursuant to LR 7.1(a), Plaintiffs sent the Defendants the proposed sealed documents, however, the parties were not able to meet and confer prior to the filing of the instant motion.

WHEREFORE, Plaintiffs request that they be permitted to file the designated items under seal, or alternately, that the Court allow Plaintiffs to file the items in the normal course.

        Respectfully submitted,

        /s/ Kevin S. Ernst
        Kevin S. Ernst (P44223)
        Attorney for Plaintiffs
        Ernst Charara & Lovell, PLC
        645 Griswold Street, Suite 4100
        Detroit, Michigan 48226
        Phone: (313) 965-5555
        Fax: (313) 965-5556
        Kevin@ecllawfirm.com

Dated: September 8, 2020

## CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2020, I electronically filed the foregoing document with the Clerk of the Court using the ECF system and in the traditional manner via email to all parties of record.

                                            Respectfully submitted,

                                            /s/ Hannah R. Fielstra
                                            Hannah R. Fielstra (P82101)
                                            Attorney for Plaintiffs
                                            Ernst Charara & Lovell, PLC
                                            645 Griswold Street, Suite 4100
                                            Detroit, Michigan 48226
                                            Phone: (313) 965-5555
                                            Fax: (313) 965-5556
                                            hannah@ecllawfirm.com

Dated: September 8, 2020