UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATTI JO CAHOO, KRISTEN
MENDYK, KHADIJA COLE, HYON
PAK, and MICHELLE DAVISON,
Individually and on behalf of
Similarly situated persons,
    Plaintiffs,

v.

FAST ENTERPRISES LLC.,
et. al.,
    Defendants,

    and,

Carmelita Colvin, Intervening Plaintiff,

v.

FAST ENTERPRISES LLC, CSG,
GOVERNMENT SOLUTIONS, INC.,
STEPHEN GESKEY, in his individual capacity,
SHEMIN BLUNDELL, in her individual
capacity, DORIS MITCHELL, in her individual
capacity, DEBRA SINGLETON, in her
individual capacity, JULIE A. McMURTRY, in
her individual capacity; and SHARON MOFFET-
MASSEY, in her individual capacity,
Jointly and severally,
    Defendants.

Case No. 2:17-cv-10657

Hon David M. Lawson
Hon. Mag. R. Steven Whalen

_____/

**INTERVENER CARMELITA COLVIN'S MOTION TO INTERVENE IN CASE NO. 2:17-cv-10657 AS PLAINTIFF AND CLASS REPRESENTATIVE**

## **CONCISE STATEMENT OF ISSUES PRESENTED**

Whether Intervener Carmelita Colvin should be permitted to intervene as a plaintiff and class representative when her due process violations arise from the same series of transactions or occurrences as the other named Plaintiffs in the instant action and there are identical questions of law common to her claims.

Plaintiffs Answer: Yes.

This Court Should Answer: Yes.

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

*Bromley v Mich Educ Ass'n-NEA*, 178 FRD 148, 159 (ED Mich, 1998)

*Trief v. Dun & Bradstreet Corp.,* 144 F.R.D. 193 (S.D.N.Y. 1992)

Fed. R. Civ. P. 24

## PURSUANT TO FED. R. CIV. P. 24(a)(2) and (b)(1)(B)

1. This lawsuit arises from due process violations caused by the Defendants' design, implementation, administration, and maintenance of an egregiously flawed automated computer system for identifying, alleging, and making determinations of potential fraud by unemployment insurance claimants in the State of Michigan from at least October 1, 2013 to August of 2015.

2. Plaintiffs filed the instant lawsuit on March 2, 2017 (ECF No. 1). An amended complaint was filed on July 7, 2017 (ECF No. 43).

3. Plaintiffs are among tens of thousands of unemployment claimants who were denied due process by Defendants.

4. Carmelita Colvin is a similarly situated claimant who was denied due process after initially filing a claim for unemployment benefits in 2013.

5. Ms. Colvin was fired by her employer, Housekeeping Associates, Inc. in June of 2013 and subsequently applied and was approved for unemployment benefits, which she collected through November of 2013.

6. If the Agency sent a fraud fact-finding or a fact-finding regarding Ms. Colvin's separation from her employer, she did not receive one.

7. On March 6, 2014, nearly a year later, the Agency claimed that Ms. Colvin quit her job with Housekeeping Associates, Inc. on June 25, 2013 and, according to

a second determination, committed fraud when she initially filed for unemployment. (**Exhibit 1 –Determinations**).

8. That determination was automatically made by the MiDAS system without weighing evidence or making a credibility determination.

9. In the List of Overpayments generated by the MiDAS system, the Agency determined that Ms. Colvin was overpaid a total of $2,664.00 in principal and owed $10,656.00 in restitution, for a total of $13,320.00 that the Agency claimed Ms. Colvin owed back to the Agency. (**Exhibit 2 – List of Overpayments**).

10. Because Ms. Colvin no longer resided at that address, she did not receive the determinations and could not respond or protest the determinations.

11. On January 8, 2020, Ms. Colvin's fraud determination was overturned by an Administrative Law Judge. The ALJ found that Ms. Colvin did not quit her job and there was no evidence establishing otherwise (**Exhibit 3 – ALJ Decision**).

12. The intervening plaintiff is a putative class member as alleged in the complaint and the statute of limitations was tolled from the moment of filing of the complaint.

13. Pursuant to Fed. R. Civ. P. 24(a)(2), "the court must permit anyone to intervene who claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a

2

practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."

14. Permissive intervention may be permitted by the Court where an intervener "has a claim or defense that shares with the main action a common question of law or fact" pursuant to Fed. R. Civ. P. 24(b)(1)(B).

15. Carmelita Colvin's due process violations arise from the same series of transactions or occurrences as the other named Plaintiffs in the instant action. In addition, there are identical questions of law common to his claims.

16. Pursuant to Rule 24(b)(3), "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."

17. Defendants CSG and FAST waited over three years to file their respective motions to dismiss (ECF Nos 297 and 313) and to attempt to disqualify Plaintiffs Patti Cahoo and Kristin Mendyk, alleging they are not the real parties in interest. Ms. Cahoo, Ms. Mendyk and Ms. Colvin all have claims related to the separation from their employers underlying their fraud determinations, as did many other putative class members.

18. Pursuant to L.R. 7.1, Plaintiffs sought concurrence prior to filing the instant motion, the parties met and conferred and concurrence was not obtained.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter an Order permitting Carmelita Colvin to intervene in the instant lawsuit.

                                                          Respectfully Submitted,

                                                          /s/ Kevin S. Ernst
                                                          KEVIN S. ERNST (P44223)
                                                          Attorney for Plaintiffs
                                                          Ernst Charara & Lovell, PLC
                                                          645 Griswold Street, Suite 4100
                                                          Detroit, Michigan 48226
                                                          Phone: (313) 965-5555
                                                          kevin@ecllawfirm.com

Dated: September 9, 2020

## BRIEF IN SUPPORT OF INTERVENER CARMELITA COLVIN'S MOTION TO INTERVENE IN CASE NO. 2:17-cv-10657 AS PLAINTIFF AND CLASS REPRESENTATIVE PURSUANT TO FED. R. CIV. P. 24(a)(2) and (b)(1)(B)

## INTRODUCTION

This lawsuit arises from due process violations caused by the Defendants' design, implementation, administration, and maintenance of an egregiously flawed automated computer system for identifying, alleging, and making determinations of potential fraud by unemployment insurance claimants in the State of Michigan. The MiDAS system, which was designed, implemented and/or maintained by Defendants in various capacities, denied tens of thousands of unemployment insurance claimants, like Plaintiffs, basic rights to due process. Approximately 67,000 unemployment insurance claimants who were subjected to unconstitutional fraud determinations and penalties implemented by MiDAS, including Carmelita Colvin.

Like the currently named plaintiffs and class representatives, Carmelita Colvin is a similarly situated claimant who was denied due process after filing a claim for unemployment benefits in June of 2013. Nearly a year later, the Agency deferred to her employer without properly weighing evidence or making a credibility determination and found that Ms. Colvin defrauded the Agency when she truthfully reported that she was fired by her employer.

Based on that way in which the MiDAS system was programmed, the Agency made an automatic determination that Ms. Colvin committed fraud and issued a determination, which she never received, on March 6, 2014.

Ms. Colvin's fraud determination was auto-adjudicated by the MiDAS system based only on what Ms. Colvin's employer reported to the Agency. In the List of Overpayments generated by the MiDAS system, the Agency determined that Ms. Colvin was overpaid a total of $2,664.00 in principal and owed $10,656.00 in restitution, for a total of $13,320.00 the Agency claimed Ms. Colvin owed back to the Agency. (**Exhibit 2 – List of Overpayments**).

When Ms. Colvin finally was given an opportunity to present her case to an Administrative Law Judge in 2019, the ALJ found that Ms. Colvin reported to the Agency that she was fired and there was no evidence otherwise, that she was entitled to benefits, and that she did not commit fraud. (**Exhibit 3**).

On May 6, 2020 and May 14, 2020, Defendants CSG and FAST filed their respective Motions to Dismiss (ECF Nos 397 and 313), in which they alleged that Plaintiffs Patti Cahoo and Kristin Mendyk are not the real parties in interest after over three years of them being involved as Plaintiffs and class representatives in the instant lawsuit. Ms. Cahoo, Ms. Mendyk, and Ms. Colvin all have claims related to separation issues, as did many other putative class members. Because of

6

the significant delay in any challenge to Ms. Cahoo's and Ms. Mendyk's standing, Ms. Colvin seeks leave to intervene in the instant lawsuit.

## LAW AND ANALYSIS

"Intervention of class representatives to ensure adequate class representation is highly desirable." *Bromley v Mich Educ Ass'n-NEA*, 178 FRD 148, 159 (ED Mich, 1998).

### I. Carmelita Colvin's Due Process Violations Arise From the Same Series of Transactions or Occurrences as the Other Named Plaintiffs in the Instant Action and Disposing of the Action Will Impede His Ability to Protect Her Interests, as Other Existing Parties May Not Adequately Represent That Interest

Fed. R. Civ. P. 24(a)(2) provides in relevant part that "the court must permit anyone to intervene who claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."

Carmelita Colvin was automatically issued a fraud determination by the MiDAS system on March 6, 2014, which falls well within the relevant time period (October 1, 2013 through August 2015), like all other plaintiffs and class representatives. Like Plaintiffs Cahoo and Mendyk, the MiDAS system automatically adjudicated Ms. Colvin's fraud issue based on the fact that she

7

truthfully reported she was fired, while her employer alleged she quit. MiDAS then automatically issued a fraud determination. Ms. Colvin's cause of action clearly arose due to the same series of transactions or occurrences, which includes claims based on the identical conduct of the Defendants.

Like thousands of unemployment claimants, Ms. Cahoo, Ms. Mendyk, and Ms. Colvin were deemed to have committed fraud by the Agency automatically through the MiDAS system. If Defendants are successful in disqualifying Ms. Cahoo or Ms. Mendyk based on their argument that they are not the real parties in interest or are estopped, Carmelita Colvin and the other putative class members who were determined by the MiDAS system to have committed fraud based on an underlying separation issue may be deprived of a class representative who was charged with fraud based on those same circumstances. Ms. Colvin seeks intervention as of right to preserve her interests as a claimant who was determined by the MiDAS system to have committed fraud during the relevant time period based on a separation issue, in addition to the thousands of other claimants and putative class members.

### A. There are Identical Questions of Law Common to Carmelita Colvin's Claims

Rule 24(b)(2) authorizes permissive intervention "when an applicant's claim or defense and the main action have a question of law or fact in common." Fed. R. Civ. P. 24(b)(2).

Procedurally, the instant matter is postured nearly identical to that of *Trief v. Dun & Bradstreet Corp.*, 144 F.R.D. 193 (S.D.N.Y. 1992), cited by Bromley, where the plaintiffs filed a class action alleging violation of the federal securities laws. The defendant opposed in part, on grounds that none of the named plaintiffs purchased securities after March 2, 1989. Therefore, the defendant argued, the class representatives did not have standing to assert a claim regarding purchases made after that date. Id. at158. Thereafter, an intervening plaintiff filed a motion to intervene pursuant to Rule 24(b)(2) to represent purchasers of stock who purchased after March 2, 1989. The district court held that the intervening plaintiff was allowed to intervene as a class representative, and the class was subsequently certified pursuant to Rule 23.

In their Motions to Dismiss (ECF Nos. 297 and 313), which Defendants CSG and FAST waited over three years to file, they attempt to disqualify Plaintiffs Cahoo and Mendyk, alleging they are not the real parties in interest. Plaintiffs' Motion for Class Certification is currently pending, and the Court has not yet ruled on Defendants' Motions to Dismiss. Ms. Colvin is a putative class member and

9

her claims fit squarely into the relevant time period and he was subjected to the same constitutionally deficient processes.

As further described above, there are identical questions of law common to Ms. Colvin's claims, as she was a victim of the due process violations caused by the Defendants' design, implementation, administration, and maintenance of an egregiously flawed automated computer system for identifying, alleging, and making determinations of potential fraud by unemployment insurance claimants in the State of Michigan. Like Ms. Cahoo and Ms. Mendyk, Ms. Colvin's underlying claims were based on a separation issue.

### B. Any Delay in the Filing of the Instant Motion is Directly Attributable to Defendants' Delay in Attempting to Disqualify Plaintiffs Cahoo and Mendyk

Pursuant to Rule 24(b)(3), "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."

Granting the intervener's motion to intervene is not prejudicial to Defendants because Defendants waited over three years to move to disqualify Ms. Cahoo and Ms. Mendyk, alleging that they are not the real parties in interest. Had Defendants brought that motion in a timely fashion, Ms. Colvin would have sought to intervene shortly thereafter. Thus, any delay is of Defendants' own making. Defendants, therefore, are not prejudiced by delay. The timing of Ms. Colvin's

10

motion to intervene is directly related to the timing of Defendants' motion to challenge Ms. Cahoo's and Ms. Mendyk's status as the real parties in interest and to seek to have her dismissed based on equitable estoppel. Further, since Ms. Colvin has the identical claim of Ms. Cahoo and Ms. Mendyk – a default fraud determination based on a separation issue, a claim first raised in Plaintiffs' original complaint – Defendants had an opportunity to litigate this theory. Thus, there is no prejudice to the adjudication of the original parties' rights.

WHEREFORE, Intervening Plaintiff respectfully requests that this Honorable Court grant his motion to intervene as a named plaintiff and class representative.

Respectfully Submitted,

/s/ Kevin S. Ernst
KEVIN S. ERNST (P44223)
Attorney for Plaintiffs
Ernst Charara & Lovell, PLC
645 Griswold Street, Suite 4100
Detroit, Michigan 48226
Phone: (313) 965-5555
kevin@ecllawfirm.com

Dated: September 9, 2020

## CERTIFICATE OF SERVICE

I hereby certify that on September 9, 2020, I electronically filed the foregoing document with the Clerk of the Court using the ECF system and in the traditional manner via email to all parties of record.

                                          Respectfully submitted,
                                        /s/ Hannah R. Fielstra
                                        Hannah R. Fielstra (P82101)
                                        Attorney for Plaintiffs
                                        Ernst Charara & Lovell, PLC
                                        645 Griswold Street, Suite 4100
                                        Detroit, Michigan 48226
                                        Phone: (313) 965-5555
                                        Fax: (313) 965-5556
                                        hannah@ecllawfirm.com

Dated: September 9, 2020