UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATTI JO CAHOO, et al.,

        Plaintiffs,

v.

SAS INSTITUTE INC., et al.,

        Defendants.

_____/

Case No. 17-10657
Hon. David M. Lawson

Mag. R. Steven Whalen

**DEFENDANTS STEVE GESKEY'S, SHEMIN BLUNDELL'S, DORIS MITCHELL'S, DEBRA SINGLETON'S AND SHARON MOFFETT-MASSEY'S JOINT RESPONSE TO CARMELITA COLVIN'S MOTION TO INTERVENE IN CASE NO. 2:17-cv-10657 AS PLAINTIFF AND CLASS REPRESENTATIVE PURSUANT TO FED. R. CIV. P. 24(a)(2) AND (b)(1)(B)**

Dana Nessel
Attorney General

Kimberly K. Pendrick (P59382)
Rebecca M. Smith (P72184)
Assistant Attorneys General
Attorneys for Geskey, Blundell,
Mitchell, and Singleton
Labor Division
3030 W. Grand Blvd., Ste. 9-600
Detroit, MI 48202
(313) 456-2200
pendrickk@michigan.gov

Dated: September 17, 2020

Dana Nessel
Attorney General

Debbie K. Taylor (P59382)
Assistant Attorney General
Attorney for Sharon Moffett-
Massey
Labor Division
3030 W. Grand Blvd., Ste. 9-600
Detroit, MI  48202
(313) 456-2200
Taylord8@michigan.gov

Dated:  September 17, 2020

# TABLE OF CONTENTS

Page

Index of Authorities.................................................................ii

Concise Statement of Issues Presented ....................................iv

Controlling or Most Appropriate Authority.............................iv

Introduction............................................................................1

Statement of Facts ..................................................................2

Argument................................................................................6

I.     Plaintiffs' motion to intervene is untimely and the delay is
       prejudicial to the State Defendants..................................7

       A.     This suit has progressed to a late stage in the proceedings ..8

       B.     Plaintiffs knew, or should have known, of the possible
              problems with Cahoo's and Mendyk's participation in this
              case long before today ............................................9

       C.     The Defendants will be prejudiced by the late intervention of
              a new plaintiff after the close of discovery and filing of
              dispositive motions................................................10

       D.     There are no unusual circumstances favoring intervention 11

II.    There is no need to allow intervention of a plaintiff with a
       separation issue as current plaintiff Michelle Davison can
       adequately represent any similarly situated class members........13

III.   Plaintiffs cannot use a motion to intervene to remedy the defect
       with Cahoo's and Mendyk's participation. ....................14

IV.    Plaintiffs concede class members lacking a named plaintiff with
       an identical separation issue should be excluded, limiting their
       class in the event intervention is denied. .....................17

Conclusion ...........................................................................18

# INDEX OF AUTHORITIES

<u>Page</u>

**Cases**

*American Special Risk Ins. Co. v. City of Centerline,*
    69 F.Supp.2d 944 (E.D. Mich. 1999) ................................................. 7

*Blount-Hill v. Zelman,*
    636 F.3d 278 (6th Cir. 2011) ..................................................... 7, 10

*Bromley v. Mich. Education Ass'n.,*
    178 F.R.D. 148 (1998) ................................................................... 16

*Desrosiers v. Asset Acceptance, LLC,*
    No. 14-CV-13704, 2015 WL 3441171 (E.D. Mich. May 28, 2015) . 17

*Interstate Commerce Comm. v. Southern Railway Co.,*
    380 F.Supp. 386 (M.D. Ga. 1974) ................................................. 14

Interstate Commerce Comm. v. Southern Railway Co.,
    543 F.2d 534 (5th Cir. 1976) ........................................................ 14

*McClune v. Shamah,*
    593 F.3d 482 (3d Cir. 1979) ................................................... 14, 15

*Police & Fire Retirement System of City of Detroit v. IndyMac MBS, Inc.,*
    721 F.3d 95 (2d Cir. 2013) ............................................................ 14

*Sandoval v. County of Sonoma,*
    No. 2015 WL 1926269 (N.D. Cal. April 27, 2015) .......................... 17

*Sawtell v. E.I. du Pont de Nemours and Co., Inc.,*
    22 F.3d 248 (10th Cir. 1994) ........................................................ 17

*Scott v. Ameritech Publishing, Inc.,*
    938 F. Supp.2d 702 (E.D. Mich. 2013) ........................................ 6, 7

*Shy v. Navistar Intern. Corp.,*
    291 F.R.D. 128 (S.D. Ohio 2013) ................................................. 10

*Smith v. Pennington,*
    352 F.3d 884 (4th Cir. 2003) ........................................................17

*Trief v. Dun & Bradstreet Corp.,*
    144 F.R.D. 193 (S.D.N.Y. 1992) ..................................................16

*U.S. v. Albert Inv. Co., Inc.,*
    585 F.3d 1386 (10th Cir. 2009) ....................................................13

*U.S. v. Johnson,*
    752 F.2d 206 (6th Cir. 1985) ........................................................18

*U.S. v. Tennessee,*
    260 F.3d 587 (6th Cir. 2001) ......................................................8, 9

*United States v. Ritchie Special Credit Invs., Ltd.,*
    620 F.3d 824 (8th Cir. 2010) ..........................................................7

## Rules

Fed. R. Civ. P. 24(a)(2) ........................................................................6

Fed. R. Civ. P. 24(b)(1)(B) ..................................................................6

Fed. R. Civ. P. 24(b)(3) ........................................................................7

## CONCISE STATEMENT OF ISSUES PRESENTED

1.     Carmelita Colvin requests to intervene as an additional plaintiff to replace Plaintiffs Patti Jo Cahoo and Kristin Mendyk as the class representative for plaintiffs with a separation issue in the event they are dismissed and to afford Plaintiffs additional discovery opportunities.  But Plaintiffs were aware, or should have been aware, of issues with Cahoo's and Mendyk's representation early in the case. Discovery has already closed, and summary judgment motions have been filed.  Adding a new plaintiff at this late stage in the proceedings would add extra delay and expense. Should Colvin's request to intervene be denied?

2.     Case law supports that a deficiency with a named plaintiff's ability to maintain a lawsuit cannot be remedied through a motion to intervene.  Colvin seeks to replace Cahoo and Mendyk, who are the subject of a motion to dismiss because they are not the real parties in interest to their claims. Should Colvin's request to intervene as Cahoo's and Mendyk's replacement be denied?

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

*Authority*:  Fed. R. Civ. P. 24

*Blount-Hill v. Zelman*, 636 F.3d 278 (6th Cir. 2011)

*McClune v. Shamah*, 593 F.3d 482 (3d Cir. 1979)

## INTRODUCTION

Plaintiffs, Patti Jo Cahoo and Kristin Mendyk, are the subjects of a dismissal motion.  In a last-minute attempt to save their unsupported claims, Plaintiffs ask this Court to allow claimant Carmelita Colvin to stand in their place.  However, Plaintiffs were on notice through affirmative defenses and during discovery that Cahoo and Mendyk could be dismissed because they were not the real parties in interest for their claims.

Adding a new plaintiff and putative class representative at this late stage of the proceedings would be prejudicial to the Defendants as discovery has closed, and dispositive motions have been filed, and a new plaintiff will delay this matter, which has been pending for more than three years.  More importantly, the defects in Cahoo's and Mendyk's participation cannot be cured with a motion to intervene.   The request to intervene should be denied.

The Defendants also request that in the event the pending motions to intervene are denied, and Cahoo and Mendyk are dismissed, the scope of the putative class be narrowed to exclude those with

1

similar separation issues based on Plaintiffs' concession that they need a class representative for each type of eligibility issue.

## STATEMENT OF FACTS

Plaintiffs filed the instant putative class action on March 2, 2017. (Cplt., Doc. 1, PageID.1–23.)  Though their claims all relate to the manner in which fraud was adjudicated, the amended complaint included some plaintiffs whose fraud cases arose out their separation from their prior employment and some whose fraud cases arose out of their subsequent remuneration. (Am. Cplt., Doc. 43, PageID.751, 758.) Cahoo and Mendyk are identified as plaintiffs whose claims arose out of their separation, specifically their having voluntarily quit their prior jobs.  (Pltfs.' Summ. Jud. Mot., Doc. 433, PageID.24886, 24889–24890.) Plaintiff Michelle Davison's case also involved a voluntary quit/separation issue.  (*Id.* at PageID.24875; see also, Hart Dep., Ex. A, pp. 78–79; Davison File., Ex. B, pp. 1403–1412.)  Defendant CSG filed its answer and affirmative defenses in March of 2018 setting forth that the Plaintiffs' claims may be barred because they are not the proper party in interest to assert their claims.  (Answer; Doc. 132, PageID.3585–3627.)

2

This Court issued a series of scheduling orders, the most recent of which extended discovery until July 6, 2020, and the deadline for filing of dispositive motions to July 22, 2020.  (Order to Extend, Doc. 372, PageID.16301–16302; Text Only Order entered 7/17/20.)  Plaintiffs' own Complaint demonstrates their knowledge that bankruptcy filings were an issue in this case.  (Am. Cplt., PageID.758, ¶ 22.)  Their allegations specifically include an allegation that Ms. Mitchell referred adversary proceedings in bankruptcy matters to the Attorney General's office.  (Am. Cplt., PageID.781, ¶ 163.)  During discovery it became readily apparent that Cahoo and Mendyk had filed bankruptcy, raising the question of whether their claims in this litigation belonged to the trustee administering their bankruptcy estates.  The notes in Cahoo's unemployment claim file, which was produced in 2019, detailed that she filed a Chapter 7 bankruptcy on September 22, 2016.  (Cahoo File, Ex. C, pp. 28–29.)  Mendyk's unemployment claim file, also produced in 2019, details she filed a Chapter 13 case on December 16, 2016.  (Mendyk File, Ex. D, pp. 33–37.)  Cahoo and Mendyk also discussed their bankruptcies at length in their depositions taken on December 2nd and 5th, 2019.  (Cahoo Dep., Ex. E, pp. 70, 105–109, 115, 118–122,

3

124–125, 128, 130–133, 147, 151–152, 156, 164, 176, 178, 193–196, 200–203, 211–215, 217–218, 280–282, 309, 312; Mendyk Dep., Ex. F, pp. 15–16, 18–20, 69–71, 126, 128–136, 163–174, 221–224, 240, 259, 264–265, 293–294, 346.)   Mendyk entered into a consent judgment related to her bankruptcy that admitted she engaged in fraud.  (Mendyk Dep., Ex. F, pp. 71, 165.)

On May 6, 2020, CSG[1] filed a motion seeking to dismiss Cahoo and Mendyk for several reasons related to their bankruptcy filings, including that their bankruptcy filings meant their bankruptcy estates, not them personally, were the real parties in interest.  (CSG Mot to Dismiss, Doc. 297, PageID.10885–10887.)

The July 6, 2020 date for discovery closure ran without mention of Carmelita Colvin or adding another plaintiff to the case in the event Cahoo and Mendyk were dismissed through CSG's motion.  All remaining parties filed summary judgment motions in July 2020.

---

[1] Plaintiffs allege that FAST filed a similar motion seeking to dismiss Cole on grounds related to her not being the real party in interest. (See Pltf.'s Mot. to Intervene, Doc. 454, PageID.27886–27887, 27890, 27894–27895, citing FAST's Mot. to Dismiss, Doc. 313.)  However, FAST's Motion to Dismiss did not make an argument based on Cahoo or Mendyk not being a party in interest due to their bankruptcy filings.  (FAST's Mot. to Dismiss, Doc. 313, PageID.11853–11890.)

4

(Summ. Jud. Mots., Doc. No. 423, PageID.18314–18367; Doc. No. 425, 19434–19492; Doc. No. 429, PageID.22207–22271; Doc. No. 433, PageID.24864–24909.)  These motions are set for hearing on December 8, 2020.

Colvin filed the instant motion, through Plaintiffs' counsel, seeking to intervene as a new plaintiff class representative to provide a possible replacement for Cahoo and Mendyk as a claimant with separation issues related to her fraud findings.  With discovery closed and the deadline for summary judgment past, it is too late to add additional party plaintiffs.

## ARGUMENT

Intervention in a case is governed by Rule 24.  A party may intervene by right if they claim an interest relating to the property or transaction that is the subject of the suit, and "is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  Fed. R. Civ. P. 24(a)(2).  The Sixth Circuit requires the following four elements to be satisfied before a party may intervene as of right: "(1) timeliness of the application to intervene, (2) the applicant's substantial legal interest in the case, (3) impairment of the applicant's ability to protect that interest in the absence of intervention, and (4) inadequate representation of that interest by parties already before the court."  *Scott v. Ameritech Publishing, Inc.*, 938 F. Supp.2d 702, 710 (E.D. Mich. 2013).

Permissive intervention by a party is permitted where the party has a claim or defense that "shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b)(1)(B).  Whether to permit or deny permissive intervention is within the Court's discretion. *American Special Risk Ins. Co. v. City of Centerline*, 69 F.Supp.2d 944,

955 (E.D. Mich. 1999).  For permissive intervention, a court must "consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."  Fed. R. Civ. P. 24(b)(3).

## I. Plaintiffs' motion to intervene is untimely and the delay is prejudicial to the State Defendants

"[T]he timeliness of a motion to intervene is a threshold issue." *Blount-Hill v. Zelman*, 636 F.3d 278, 284 (6th Cir. 2011), quoting *United States v. Ritchie Special Credit Invs., Ltd*., 620 F.3d 824, 832 (8th Cir. 2010).  Timeliness is a central factor in both permissive intervention and intervention by right.  *Scott,* 938 F.Supp.2d at 710.

When evaluating the timeliness of a motion to intervene, courts consider:  (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenors knew or should have known of their interest in the case; (4) the prejudice to the original parties to the proposed intervenors' failure to promptly intervene after they knew or reasonably should have known of their interest in the case; and (5) the existence of unusual circumstances militating against or in favor of intervention.  *Scott,* 938 F.Supp.2d at 710, citing *Blount-Hill,* 636 F.3d at 279.

Applying these factors to the instant case, Colvin's motion to intervene is untimely. The Plaintiffs have known of Cahoo's and Mendyk's bankruptcies and had time to evaluate their impact since the early stages of this case—even prior to the filing of the Amended Complaint. Allowing a substitute plaintiff to intervene and take Cahoo's and Mendyk's places after the close of discovery and the filing of summary judgment motions is prejudicial to the Defendants and only serves to prolong this already lengthy litigation.

### A.   This suit has progressed to a late stage in the proceedings

Addressing the first factor of the timeliness analysis, if there has been "extensive progress in the district court before the [intervenors] moved to intervene," then this factor weighs against intervention. *U.S. v. Tennessee*, 260 F.3d 587, 593 (6th Cir. 2001). This case has progressed to the point that allowing additional parties would create great difficulty. The case was commenced more than three years ago. (Cplt., Doc. 1, PageID.1–23.) Discovery closed July 6, 2020, and several summary judgment motions are pending based on the original parties and facts ascertained during an extensive period of discovery. (Order to Extend, Doc. 372, PageID.16301–16302; Text Only Order entered

7/17/20; Summ. Jud. Mots., Doc. No. 423, PageID.18314–18367; Doc.

No. 425, 19434–19492; Doc No. 429, PageID.22207–22271; Doc. No. 433,

PageID.24864–24909; Order, Doc. 457, PageID.457.)

### B.   Plaintiffs knew, or should have known, of the possible problems with Cahoo's and Mendyk's participation in this case long before today

Parties aware that their interests may be impaired by a litigation

outcome are "obligated to seek intervention as soon as it is reasonably

apparent" that there is a need to intervene. *Tennessee*, 260 F.3d at 594.

Here, Plaintiffs were aware that bankruptcy issues were involved prior

to filing their Amended Complaint, and received further notice when of

CSG's intention to defend this action by claiming one or more plaintiffs

were not the proper party to raise their claims all the way back when it

filed its answer and affirmative defenses in March of 2018.  (CSG

Answer; Doc. 132, PageID.3624.)  Plaintiffs' counsel should have

investigated this affirmative defense earlier in the discovery process.

Counsel was certainly aware of the bankruptcy issues that are

referenced in the Amended Complaint and, at the very least, when

Cahoo's and Mendyk's unemployment files were provided and when

they were deposed in 2019.  (Cahoo File, Ex. C; Cahoo Dep., Ex. E;

9

Mendyk File, Ex. D; Mendyk Dep., Ex. F.)  The information was available, and Plaintiffs' attorneys should have been aware of possible issues with their participation some time ago.

### C.   The Defendants will be prejudiced by the late intervention of a new plaintiff after the close of discovery and filing of dispositive motions

Courts have held that "possible prejudice from dilatory intervention often weighs against non-parties seeking to intervene after the expense of discovery or on the eve of trial." *Shy v. Navistar Intern. Corp.*, 291 F.R.D. 128, 134 (S.D. Ohio 2013), citing *Blount-Hill,* 636 F.3d at 284.

This case is more than three years old.  (Cplt., Doc. 1, PageID.1–23.)  After several extensions, discovery closed more than two months ago.  (Order to Extend, Doc. 372, PageID.16301–16302.)  The deadline for summary judgment motions ran more than a month ago.  (Text Only Order entered 7/17/20.)  All of the remaining parties filed summary judgment motions in compliance with this deadline, the deadlines for response the response is passed and reply briefs are due on September 21st.  (Summ. Jud. Mots., Doc. No. 423, PageID.18314–18367; Doc. No.

10

425, 19434–19492; Doc No. 429, PageID.22207–22271; Doc. No. 433, PageID.24864–24909; Order, Doc. 457, PageID.457.)

At this late point in the proceedings, it would be extremely prejudicial to the Defendants to add Colvin as a named plaintiff. Her voluminous claim records would need to be subpoenaed and produced by the Unemployment Insurance Agency and reviewed by the parties, written discovery would have to be conducted regarding Colvin's claims and, at a minimum, depositions would need to be completed for Colvin and an Agency examiner to explain the contents of her file. The summary judgment briefing would also require revision to address any new facts and arguments regarding Colvin. Adding Colvin as a named plaintiff would require considerable additional discovery, delay, and expense, resulting in prejudice to the Defendants.

## D.   There are no unusual circumstances favoring intervention

Plaintiffs do not allege any specific unusual circumstances requiring Colvin's intervention. (Mot. to Intervene, Doc. No. 477, PageID.37527–37540.) In fact, the only relevant circumstance they raise for including Colvin is that they fear losing their plaintiff representatives with an underlying separation issue due to a dismissal

11

motion and they seek a replacement with similar circumstances.  (*Id.*)

But Plaintiffs also have another reason for doing so—to conduct

additional discovery to bolster their meager evidence supporting their

claims.  Plaintiffs' claims center on their fraud cases having been auto-

adjudicated by the MiDAS system.  (Am. Cplt., Doc. 43, PageID. 751,

763–768, 770–771, 777, 783.)  Discovery has revealed that both Cahoo's

and Mendyk's fraud cases were adjudicated by human examiners and

were not auto-adjudicated.  The Agency representative reviewing

Cahoo's case testified Cahoo did not receive an automated fraud

determination, and the fact that she was assessed "manual" restitution

indicated staff involvement.  (Smith Dep., Ex. G, pp. 180–181; Cahoo

File, Ex. C, p. 1.)  The representative examining Mendyk's file similarly

testified that Mendyk did not have an auto-adjudication of fraud.

(Potter Dep., Ex. H, p. 164–165, 173.)  Plaintiffs wish to utilize the

intervention opportunity to conduct additional discovery and save

claims undercut by the revelations made during the depositions in this

case.  But adding a new plaintiff in the hopes of extending discovery

and establishing more favorable facts is not a reason to grant the

motion.  In fact, Courts have held that intervening parties may be

denied discovery, particularly when they intervene late in a lawsuit. *U.S. v. Albert Inv. Co., Inc.*, 585 F.3d 1386, 1396 (10th Cir. 2009).

The above factors disfavor Colvin's intervention in this matter at such a late stage in the proceedings, and the motion should be denied as untimely.

## II.   There is no need to allow intervention of a plaintiff with a separation issue as current plaintiff Michelle Davison can adequately represent any similarly situated class members.

Colvin's stated reason for seeking to intervene in this lawsuit is to replace Cahoo and Mendyk as the plaintiff representing putative class members with separation issues underlying their fraud determinations; she, Cahoo, and Mendyk were all disqualified from benefits for having voluntarily quit their jobs.  (See Mot. to Intervene, Doc. No. 477, PageID.37532, 37535–37537.)  But even if Cahoo and Mendyk were dismissed, there is a class representative to represent these putative class members among the existing Plaintiffs: Plaintiff Michelle Davison's case also involved a voluntary quit/separation issue  (*Id.* at PageID.24875; see also, Hart Dep., Ex. A, pp. 78–79; Davison File, Ex. B, pp. 1403–1412.)  There is no need to replace the class representative

13

for those with separation issues in the event Cahoo and Mendyk are dismissed because there is already an existing Plaintiff with the same separation issue.

### III. Plaintiffs cannot use a motion to intervene to remedy the defect with Cahoo's and Mendyk's participation.

Multiple federal courts have held that where there is a jurisdictional defect with the original case or parties, "it cannot be aided by the intervention of a plaintiff with a sufficient claim." *Police & Fire Retirement System of City of Detroit v. IndyMac MBS, Inc.*, 721 F.3d 95, 110 (2d Cir. 2013). As one court put it, "it is elementary that jurisdictional defects in the original complaint cannot be remedied by the papers of intervenors, nor can authority to bring a suit be bestowed by intervenors on an original plaintiff where no such authority existed prior to intervention." *Interstate Commerce Comm. v. Southern Railway Co.*, 380 F.Supp. 386, 394 (M.D. Ga. 1974), aff'd in relevant part, 543 F.2d 534 (5th Cir. 1976). Motions to intervene are "not an appropriate device to cure a situation in which plaintiffs have stated causes of action that they have no standing to litigate." *McClune v. Shamah*, 593 F.3d 482, 486 (3d Cir. 1979).

In *McClune*, a limited partnership entity sought to intervene as a party plaintiff in a suit brought by the individual partners. *Id*. at 484. The motion to intervene was filed in response to a motion to dismiss filed by the defendants, alleging the claims in the case belonged to the partnership, not the individual partners. *Id*. at 485. The court denied the partnership's motion to intervene, arguing that intervention "will not be permitted to breathe life into a nonexistent lawsuit" that the original plaintiffs had no authority to bring. *Id*. at 486. To the extent the partnership wished to litigate its claims, it was not precluded from litigating its claims in its own civil or bankruptcy proceeding. *Id*. at 487.

The same logic applies here. Just as in *McClune*, Cahoo's and Mendyk's claims belong to a party other than the named plaintiff, specifically their bankruptcy estates. (CSG Mot to Dismiss, Doc. 297, PageID.10885–10887.) *McClune* is clear that intervention by another party with the ability to bring the claim cannot be used to cure such a deficiency. Colvin's motion to intervene should be denied, just as the partnership's motion was in *McClune*.

15

The cases Colvin cites do not change this conclusion.  While *Trief* and *Bromley* allowed intervention by additional plaintiffs, they did not present the same circumstances as here.  In *Trief*, an individual sought to intervene as a named plaintiff to expand the putative class to include those who purchased stocks later than the existing plaintiffs.  *Trief v. Dun & Bradstreet Corp.*, 144 F.R.D. 193, 202 (S.D.N.Y. 1992).  The defendants sought to exclude the intervening party on the grounds that the statute of limitations on his claim had expired, but the court allowed his participation, reasoning that the filing of the class action complaint tolled his statute of limitations because he was a member of the putative class.  *Id.* at 202–203.

Similarly, *Bromley* dealt with a statute of limitations issue for a class member seeking to intervene as a named plaintiff to include a number of additional teacher unions in the complaint.  *Bromley v. Mich. Education Ass'n.*, 178 F.R.D. 148, 159–160 (1998).  The intervening parties were not seeking to entirely replace a named plaintiff who lacked the ability to maintain the suit.  There is also no indication that the motions to intervene in *Trief* and *Bromley* were filed so late in the

proceedings.  These cases are therefore distinguishable from the circumstances here.

## IV.   Plaintiffs concede class members lacking a named plaintiff with an identical separation issue should be excluded, limiting their class in the event intervention is denied.

Plaintiffs seeking certification of a class "cannot *expand* the class definition," but they "can *narrow* the definition used in the complaint." *Sandoval v. County of Sonoma*, No. 2015 WL 1926269 (N.D. Cal. April 27, 2015), at *2 (emphasis in original). Where plaintiffs "unambiguously assert[ ] a class definition more narrow than that required by their complaint," their asserted class "is that more narrow definition." *Smith v. Pennington*, 352 F.3d 884, 894 (4th Cir. 2003); see also, *Sawtell v. E.I. du Pont de Nemours and Co., Inc.*, 22 F.3d 248, 253 (10th Cir. 1994) (holding plaintiff was not a member of more narrow class defined in motion for class certification).  This court has approved the narrowing of a class based on the assertions of the plaintiff.  *Desrosiers v. Asset Acceptance, LLC*, No. 14-CV-13704, 2015 WL 3441171 (E.D. Mich. May 28, 2015), at *1 (approving Plaintiff's request to narrow scope of class).

In the instant intervention motion, Plaintiffs limit the scope of the putative class.  Plaintiffs' motion concedes that that they need a

17

plaintiff for each type of eligibility issue.  (Mot. To Intervene, Doc. 477, Page ID.37537; Bell Mot. to Intervene, Doc. 454, PageID.27892.)  It is well established that "[s]tatements of an attorney that are directly related to the litigation at hand" are "within the attorney's scope of authority and binding on the client." *U.S. v. Johnson*, 752 F.2d 206, 210–211 (6th Cir. 1985).  The representations of Plaintiffs' counsel in the motions to intervene indicate they agree that if Cahoo and Mendyk are dismissed, putative class members with similar eligibility issues would be excluded from the class.  Thus, Plaintiffs class should be limited to exclude those with dissimilar eligibility issues.

## CONCLUSION

This case is now in its late stages with discovery closed and dispositive motions filed.  The potential for Cahoo and Mendyk to be dismissed and the possible need for a replacement plaintiff with separation issues were known to Plaintiffs and their attorneys early in this case.  Also, Plaintiffs have no need for an additional plaintiff because Michelle Davison, who is not a subject of CSG's dismissal motions, has a separation issue similar to Cahoo and Mendyk's.  Adding a new plaintiff at this point in the proceedings would

substantially prejudice Defendants and lead to unwarranted delay and expense.  Case law further supports that the defects with Cole's ability to maintain her claims cannot be cured through a motion to intervene. For these reasons, Colvin's motion to intervene should be denied.

Respectfully submitted,

Dana Nessel
Attorney General

*/s/ Kimberly K. Pendrick*
Kimberly K. Pendrick (P59382)
Rebecca M. Smith (P72184)
Assistant Attorneys General
Attorneys for Geskey, Blundell,
Mitchell, and Singleton
Labor Division
3030 W. Grand Blvd., Ste. 9-600
Detroit, MI  48202
(313) 456-2200
pendrickk@michigan.gov

Dated:  September 17, 2020

19

Dana Nessel
Attorney General

*/s/ Debbie K. Taylor*
Debbie K. Taylor (P59382)
Assistant Attorney General
Attorney for Sharon Moffett-
Massey
Labor Division
3030 W. Grand Blvd., Ste. 9-600
Detroit, MI  48202
(313) 456-2200
Dated:  September 17, 2020     Taylord8@michigan.gov

20

**CERTIFICATE OF SERVICE**

I hereby certify that on September 17, 2020, I electronically filed

the above document(s) with the Clerk of the Court using the ECF

System, which will provide electronic copies to counsel of record.

*/s/ Kimberly K. Pendrick*
Assistant Attorney General
Attorneys for Geskey, Blundell,
Mitchell, and Singleton

21