UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATTI JO CAHOO, KRISTEN
MENDYK, KHADIJA COLE, HYON
PAK, and MICHELLE DAVISON,
individually and on behalf of similarly
situated persons,

      Plaintiffs,

and

SUZETTE HEATHCOTE,

      Plaintiff-Intervenor,

v.

SAS INSTITUTE, INC., et al.,

and

FAST ENTERPRISES LLC, CSG,
GOVERNMENT SOLUTIONS, INC.,
STEPHEN GESKEY, in his individual
capacity, SHEMIN BLUNDELL, in
her individual capacity, DEBRA
SINGLETON, in her individual
capacity, JULIE A. McMURTRY, in
her individual capacity, and SHARON
MOFFET-MASSEY, in her individual
capacity, jointly and severally,

      Defendants.

Case No. 2:17-cv-10657

Hon. David M. Lawson

Hon. Mag. R. Steven Whalen

## <u>MOTION TO INTERVENE IN CASE NO. 2:17-cv-10657 AS PLAINTIFF AND CLASS REPRESENTATIVE PURSUANT TO FED. R. CIV. P. 24(a)(2) and (b)(1)(B)</u>

Defendants in this matter perpetrated widespread violations of due process by creating and implementing a system that automatically found thousands of people guilty of fraud without any evidence. Plaintiff-Intervenor Suzette Heathcote is one of those thousands of individuals who was so harmed when the Unemployment Insurance Agency automatically found her guilty of fraud after she failed to return an inadequately-delivered fraud questionnaire within the short ten-day deadline.

Ms. Heathcote's harm falls within the allegations in this matter, and specifically falls within a putative class contemplated by the Court in its Order denying Plaintiffs' Motion to Certify Class. Yet Ms. Heathcote is left unprotected because this Court found the Named Plaintiffs to be inadequate class representatives. Thus, Ms. Heathcote seeks to intervene in Plaintiffs' due process claim in this matter.

In compliance with Local Rule 7.1(a), Plaintiff-Intervenor Heathcote's counsel sought concurrence from the Parties' counsel regarding this Motion in a telephone call, but no concurrence was given.

In support of this Motion, Plaintiff-Intervenor Heathcote incorporates her contemporaneously-filed brief in support.

WHEREFORE, Plaintiff-Intervenor Heathcote respectfully requests that this Court grant this Motion to Intervene, and order further relief as the Court deems equitable and just.

Respectfully submitted,

/s/ David M. Blanchard
David M. Blanchard (P67190)
Frances J. Hollander (P82180)
Blanchard & Walker, PLLC
Attorneys for Intervening Plaintiff
    Suzette Heathcote
221 N. Main Street, Suite 300
Ann Arbor, MI 48104
(734) 929-4313
blanchard@bwlawonline.com
hollander@bwlawonline.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATTI JO CAHOO, KRISTEN
MENDYK, KHADIJA COLE, HYON
PAK, and MICHELLE DAVISON,
individually and on behalf of similarly
situated persons,

       Plaintiffs,

and

SUZETTE HEATHCOTE,

       Plaintiff-Intervenor,

v.

SAS INSTITUTE, INC., et al.,

and

FAST ENTERPRISES LLC, CSG,
GOVERNMENT SOLUTIONS, INC.,
STEPHEN GESKEY, in his individual
capacity, SHEMIN BLUNDELL, in
her individual capacity, DEBRA
SINGLETON, in her individual
capacity, JULIE A. McMURTRY, in
her individual capacity, and SHARON
MOFFET-MASSEY, in her individual
capacity, jointly and severally,

       Defendants.

Case No. 2:17-cv-10657

Hon. David M. Lawson

Hon. Mag. R. Steven Whalen

## BRIEF IN SUPPORT OF MOTION TO INTERVENE IN CASE NO. 2:17-cv-10657 AS PLAINTIFF AND CLASS REPRESENTATIVE PURSUANT TO Fᴇᴅ. R. Cɪᴠ. P. 24(a)(2) and (b)(1)(B)

## **TABLE OF CONTENTS**

**STATEMENT OF ISSUES PRESENTED** ..............................................................II

**CONTROLLING OR MOST APPROPRIATE AUTHORITY** ......................III

**I. INTRODUCTION**........................................................................................1

**II. FACTUAL AND PROCEDURAL BACKGROUND** ................................1

    A. CASE PROCEDURAL HISTORY ........................................................................1

    B. PLAINTIFF-INTERVENOR SUZETTE HEATHCOTE WAS FOUND GUILTY OF FRAUD FOR FAILING TO RETURN A QUESTIONNAIRE WITHIN TEN DAYS ......3

**III. ARGUMENT** .................................................................................................5

    A. INTERVENING PLAINTIFF HEATHCOTE MAY INTERVENE AS OF RIGHT WHEN HER CLAIM FALLS SQUARELY WITHIN ALLEGATIONS IN THE COMPLAINT IN THIS MATTER ........................................................................5

        1. *Ms. Heathcote's Application is Timely* ................................................6

        2. *Ms. Heathcote Has a Substantial Legal Interest in This Case*..............11

        3. *Ms. Heathcote's Ability to Protect Her Interests is Impaired in the Absence of Intervention and the Current Named Plaintiffs Do Not Represent Her Interests*.........................................................................12

    B. ALTERNATIVELY, PLAINTIFF-INTERVENOR HEATHCOTE MAY INTERVENE WITH COURT PERMISSION WHEN SHE HAS QUESTIONS OF LAW AND FACT IN COMMON WITH THE ALLEGATIONS IN THIS MATTER ..............................13

**IV. CONCLUSION** ..........................................................................................**14**

**CERTIFICATE OF SERVICE**.......................................................................**16**

## <u>STATEMENT OF ISSUES PRESENTED</u>

I.   Whether Plaintiff-Intervenor Suzette Heathcote may intervene as of right when she is a putative class member of this action whose interests are not represented by the Named Plaintiffs.

   Plaintiff-Intervenor Heathcote says:     "Yes"

II.   Alternatively, whether Plaintiff-Intervenor Suzette should be permitted to intervene when her claims share common questions of law and fact with the instant action.

   Plaintiff-Intervenor Heathcote says:     "Yes"

## **CONTROLLING OR MOST APPROPRIATE AUTHORITY**

FED. R. CIV. P. 24

*Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538 (1974)

*Beach v. Healthways, Inc.*, 264 F.R.D. 360 (M.D. Tenn. 2010)

*Michigan State AFL-CIO v. Miller*, 103 F.3d 1240 (6th Cir. 1997)

## I.   INTRODUCTION

Plaintiff-Intervenor Suzette Heathcote seeks to intervene in this case involving Defendants' creation and use of a defective system that automatically falsely adjudicated thousands of claimants guilty of fraud for innocuous data-(mis)matches. Thousands of individuals, including Ms. Heathcote, later learned that they had been found guilty of fraud with no basis and were forced to repay the benefits granted to them, sometimes with penalties in the tens of thousands of dollars. Because of this sham system, many were unable to pay bills, lost their homes, or went bankrupt.

There is currently no adequate representative for Ms. Heathcote's interests, and she has an independent right to intervene. This Court recently denied Plaintiffs' Motion to Certify Class despite contemplating a class of individuals who were found guilty of fraud solely because they did not return a fraud questionnaire. Ms. Heathcote is one of those individuals, and she now seeks to intervene in this case to protect her interests and the interests of thousands of others falsely found to have committed fraud due to their failure to return a questionnaire.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

### A. CASE PROCEDURAL HISTORY

The Original Complaint in this case was filed by Patti Jo Cahoo, Kristen Mendyk, and Khadija Cole, individually and on behalf of a putative Rule 23 class of

1

similarly situated individuals. Compl., ECF No. 1, PageID 1. Since then, two additional Named Plaintiffs have joined this case—Hyon Pak and Michelle Davison. First Am. Compl., ECF No. 43, PageID. 748. The case alleged that Defendants' MiDAS system, which automatically adjudicated unemployment insurance claims, was defective to such an extent that it violated the United States Constitution, federal law, and Michigan law. ECF No. 43, PageID. 749.

This case has a lengthy procedural history, of which this Court is well aware. The most pertinent piece of procedural history for purpose of this Motion is Plaintiffs' Motion to Certify Class, filed on April 24, 2020. ECF No. 278. In their Motion, Plaintiffs sought to certify a class of approximately 67,000 unemployment insurance claimants who were subjected to unconstitutional fraud determinations and penalties by MiDAS. ECF No. 278.

On December 22, 2020, this Court denied Plaintiffs' Motion to Certify Class. *Cahoo v. Fast Enters. LLC*, No. 17-10657, 2020 U.S. Dist. LEXIS 240515, at *4 (E.D. Mich. Dec. 22, 2020) (Ex. 1). This Court found that Plaintiffs satisfied numerosity and had "identified some questions common to their proposed class." *Id.* at *39, *45, *50. However, this Court found that they had not met other requirements of Rule 23(a) or (b)(3): typicality, adequacy of representation, and predominance and superiority. Accordingly, as a result of imperfect Named Plaintiffs at the time

this Court made a decision regarding Class Certification, thousands of individuals are potentially left without a remedy. *See id.* at *52.

Although this Court denied the Motion to Certify Class, this Court contemplated a potential class "whose claims may benefit from class treatment: those individuals adjudicated guilty of fraud solely because they did not return their questionnaires." *Id.* at *4. This Court denied class treatment of that category of individuals, reasoning that Named Plaintiffs were "not suitable class representatives because their individual circumstances—particularly their failure to list the cause of action in their bankruptcy schedules—subject them to unique and individual defenses that threaten to become the focus of the litigation and consume a significant measure of their time and energy." *Id.*

### B. Plaintiff-Intervenor Suzette Heathcote Was Found Guilty of Fraud for Failing to Return a Questionnaire Within Ten Days

Plaintiff-Intervenor Suzette Heathcote, despite having claims that fall within the confines of the Complaint in this matter, is one of the thousands of individuals who are now without a remedy. Ms. Heathcote is one of many individuals who MiDAS found to have committed fraud due to so-called "income spreading" and her failure to return a fraud questionnaire that she did not receive.

Ms. Heathcote received unemployment for weeks in January 2014, but soon thereafter got a job. Ms. Heathcote, then, had earnings in late February and early

March 2014. However, when MiDAS data-mined the Unemployment Insurance Agency's database for discrepancies, MiDAS spread Ms. Heathcote's February and March 2014 income over the full first quarter of 2014, thus assuming that Ms. Heathcote had earnings in January 2014 even though she did not have a job. Like thousands of others, the faulty data mining resulted in a fraud questionnaire being generated automatically by the computer.  Ms. Heathcote's lack of response led to an automated guilty finding.  Ex. 2, Heathcote "Batch" Adjudication Record.

Ms. Heathcote was not aware that the Unemployment Insurance Agency had found her guilty of fraud, or even that the Agency had allegedly sent a questionnaire regarding its MiDAS finding, until she again lost her job and filed for benefits later in 2014. She was shut off from accessing new benefits because of the false fraud finding. After an initial protest, the Unemployment Insurance Agency issued a Redetermination on October 15, 2014 affirming MiDAS's faulty determination and noting that Ms. Heathcote owed restitution. Ex. 3, Notice of Redetermination.

As a result of MiDAS's faulty determination and lack of notice, Ms. Heathcote was forced to hire an attorney to guide her through the humiliating process of fighting a false fraud accusation that had no basis. The Agency did not appear for the hearing and the Administrative Law Judge confirmed there was no actual discrepancy in the income reports and no evidence of fraud. Ex. 4, Heathcote Administrative Law Judge Decision.

III.   **ARGUMENT**

### A. Intervening Plaintiff Heathcote May Intervene as of Right When Her Claim Falls Squarely Within Allegations in the Complaint in This Matter

FED. R. CIV. P. 24(1)(2) grants intervention as of right for anyone who files a timely motion and "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." This Circuit "has opted for a rather expansive notion of the interest sufficient to invoke intervention of right." *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997). Generally, the Sixth Circuit has held that "requests for intervention should be construed liberally in favor of granting intervention." *Beach v. Healthways, Inc.*, 264 F.R.D. 360, 365 (M.D. Tenn. 2010) (citing *Midwest Realty Mgmt. Co. v. City of Beavercreek*, 93 F. App'x 782, 784 (6th Cir. 2004); *Stupak-Thrall v. Glickman*, 226 F.3d 467, 471 (6th Cir. 2000); *Purnell v. Akron*, 925 F.2d 941, 950 (6th Cir. 1991)).

In the Sixth Circuit, Courts must consider four factors in evaluating a request to intervene as of right: "(1) timeliness of the application to intervene, (2) the applicant's substantial legal interest in the case, (3) impairment of the applicant's ability to protect that interest in the absence of intervention, and (4) inadequate

5

representation of that interest by parties already before the court." *Miller*, 103 F.3d at 1245.

### 1. *Ms. Heathcote's Application is Timely*

Courts consider timeliness as a "threshold issue" for intervention as of right and for permissive intervention. *Scott v. Ameritech Publ'g, Inc.*, 938 F. Supp. 2d 702, 710 (E.D. Mich. 2013) (Drain, J.). In considering timeliness, this Court must consider the following factors:

> (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenors knew or should have known of their interest in the case; (4) the prejudice to the original parties due to the proposed intervenors' failure to promptly intervene after they knew or reasonably should have known of their interest in the case; and (5) the existence of unusual circumstances militating against or in favor of intervention.

*Blount-Hill v. Zelman*, 636 F.3d 278, 284 (6th Cir. 2011).

The purpose of a class action complaint is to present "a truly representative suit designed to avoid, rather than encourage, unnecessary filing of repetitious papers and motions." *See Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 550 (1974). Therefore, the filing of a class action complaint serves to toll the statute of limitations for those who might subsequently participate in the case. *See id.* at 551. In the case of an individual who falls within the definition of the class(es) asserted in a class action complaint, then, the filing of a class action serves to ensure that his or her

interests are protected unless and until the court denies a motion to certify class or otherwise find the named plaintiffs are unable to adequately represent the class.

In *American Pipe*, the Supreme Court found that "even as to asserted class members who were unaware of the proceedings brought in their interest or who demonstrably did not rely on the institution of those proceedings, the later running of the applicable statute of limitations does not bar participation in the class action and in its ultimate judgment." *Id.* at 552. In applying these principles to a case in which the district court denied class certification on the basis of numerosity, the Supreme Court stated that "the commencement of the original class suit tolls the running of the statute for all purported members of the class who make timely motions to intervene after the court has found the suit inappropriate for class action status." *Id.* at 552-53. The Court reasoned that any other rule would "deprive Rule 23 class actions of the efficiency and economy of litigation which is a principal purpose of the procedure" because "a rule requiring successful anticipation of the determination of the viability of the class would breed needless duplication of motions." *Id.* at 553-54. The Supreme Court affirmed the Ninth Circuit's decision allowing intervention. *Id.* at 561.

The Supreme Court later held in *Crown v. Parker* that the principles from *American Pipe* apply not only to potential intervenors, but to all asserted members of the putative class. 462 U.S. 345, 350 (1983). Therefore, the Court held in *Crown*

7

that statutes of limitations are tolled for putative class members who may prefer to bring an individual suit rather than to intervene in the pending suit. *Id.* at 350-51. In so holding, the Court stated, "[a] putative class member who fears that class certification may be denied would have every incentive to file a separate action prior to the expiration of his own period of limitations. The result would be a needless multiplicity of actions—precisely the situation that Federal Rule of Civil Procedure 23 and the tolling rule of *American Pipe* were designed to avoid."

However, the Sixth Circuit has explicitly declined to toll the limitations period for putative class members who choose to file individual actions *before* the district court rules on class certification. *See Wyser-Pratte Mgmt. Co. v. Telxon Corp.*, 413 F.3d 553 (6th Cir. 2005); *see also Phipps v. Wal-Mart Stores, Inc.*, 792 F.3d 637, 653 (6th Cir. 2015) (following *Wyser-Pratte*); *In re Vertrue Inc. Mktg. & Sales Practices Litig.*, 719 F.3d 474, 480 (6th Cir. 2013) (same); *Stein v. Regions Morgan Keegan Select High Income Fund*, 821 F.3d 780, 789 (6th Cir. 2016) (same). Therefore, putative class members who fear class certification may not be granted, but whose limitations period has passed, are left with no recourse but to await a decision on class certification and seek to intervene in the event certification is denied.

In this case, Ms. Heathcote only recently learned that this case was no longer protecting her interests after this Court denied Plaintiffs' Motion for Class

8

Certification despite contemplating a class into which Ms. Heathcote would have fallen. *See Beach*, 264 F.R.D. at 364 (finding that a plaintiff-intervenor filed its motion to intervene within a reasonable time after knowing about its interest when it filed shortly after the court denied the plaintiffs' motion for class certification). Here, until the class motion was denied, Ms. Heathcote had no reason to take other action to protect her interests, believing her interests to be represented. Ms. Heathcote has falsely been found guilty of fraud twice despite no basis in fact for the finding. Both times, by the time she got to an individual review—months after her appeal—it was obvious to any observer that there was no data mismatch. However, by then, the damage was done. Ms. Heathcote was unable to access benefits when she needed them, and she had to take time off of work and to hire a lawyer to prosecute her appeal.

Until the class motion was denied in this case, Ms. Heathcote did not know that none of the current Named Plaintiffs were appropriate class representatives for the core constitutional violations against those thousands who were found guilty of fraud and sent to collection for no reason other than they did not answer a questionnaire in 10 days or less (if they received it at all). Although the litigation has progressed, and there has been significant discovery, allowing Ms. Heathcote to intervene will not substantially affect discovery. *See Beach*, 264 F.R.D. at 364-65 (finding that allowing the plaintiff to intervene would leave "both fact and expert

9

discovery…substantially unaffected" and that there would not be significant prejudice in addressing a renewed motion for class certification with the new intervenor class representative when the claims had not changed and additional discovery would not be substantial).

Ms. Heathcote's claims dovetail with claims already being litigated, and it is difficult to imagine additional necessary discovery other than Ms. Heathcote's unemployment insurance records and possibly one deposition. It is nearly undisputed in this case that there has been a widespread harm to numerous individuals due to Defendants' use of the faulty, automatic MiDAS system. Ms. Heathcote seeks to intervene to protect her rights and to serve as a class representative to protect the rights of thousands of others who were found guilty of fraud without any basis after the Agency failed to effect proper notice of the fraud findings.

Because this Court only recently denied Plaintiffs' Motion to Certify Class, a class that Ms. Heathcote previously thought protected her interests, this Motion is timely. In line with precedent, Ms. Heathcote has the option either to intervene in this matter or to file her own, separate suit. Because Ms. Heathcote is seeking to intervene promptly, this Court need not consider whether Ms. Heathcote's intervention would prejudice Defendants. However, allowing Ms. Heathcote to intervene here would be in the interest of justice, as it would protect not only Ms.

Heathcote's interests, but the interests of thousands of others, and it would allow this litigation to continue, rather than filing a separate action that would require redoing the work that has been completed to date in discovery and in motion practice.

### 2. *Ms. Heathcote Has a Substantial Legal Interest in This Case*

For decades, "[t]his circuit has opted for a rather expansive notion of the interest sufficient to invoke intervention of right." *Miller*, 103 F.3d at 1245; *see also Bradley v. Milliken*, 828 F.2d 1185, 1192 (6th Cir. 1987) (stating that "[t]his court has acknowledged that 'interest' is to be construed liberally.")

MiDAS automatically issued a fraud questionnaire to Ms. Heathcote after it incorrectly applied an income-spreading formula to Ms. Heathcote's earnings. Ms. Heathcote did not receive this questionnaire. Because she did not receive the questionnaire, she could not respond within the 10-day period. Because she did not respond within the 10-day period, MiDAS automatically found Ms. Heathcote guilty of fraud. Ms. Heathcote only learned of this adjudication when she later filed for unemployment benefits.

Ms. Heathcote has a substantial legal interest in the outcome of this case. Without the continued litigation of her claims and the claims of the putative class into which she falls, Ms. Heathcote and thousands of others similarly affected will be left without recourse for the damages suffered as the result of Defendants' deficient system.

11

### 3.  *Ms. Heathcote's Ability to Protect Her Interests is Impaired in the Absence of Intervention and the Current Named Plaintiffs Do Not Represent Her Interests*

Despite contemplating a putative class of individuals who were found guilty of fraud simply because they did not return a questionnaire, this Court denied class certification. As an individual who was found guilty of fraud solely because she did not return a fraud questionnaire, Ms. Heathcote is one of the members of that putative class. If this Court's decision on class certification stands, and there is never a class certified in this matter, Ms. Heathcote and the putative class she seeks to represent are left without any remedy despite the admitted widespread chaos of false fraud findings due to MiDAS's faulty mechanisms, unless this Court permits intervention.

This Court has already determined that there is no adequate class representative amongst the Named Plaintiffs. Because of the widespread fraud, this putative class needs someone who will speak for them. Ms. Heathcote is one of thousands of people who was found guilty of fraud simply because she did not return a fraud questionnaire. Many others had to hire lawyers at their own expense to defend themselves. Some saw their credit or reputations ruined and had difficulty paying bills to such an extent that they had to file for bankruptcy, had their homes foreclosed, or were even made homeless. These are the individuals who will be unprotected if this Court does not allow Ms. Heathcote to intervene as a party

12

Plaintiff. Ms. Heathcote would be an adequate class representative and is entitled to intervene.

### B. ALTERNATIVELY, PLAINTIFF-INTERVENOR HEATHCOTE MAY INTERVENE WITH COURT PERMISSION WHEN SHE HAS QUESTIONS OF LAW AND FACT IN COMMON WITH THE ALLEGATIONS IN THIS MATTER

FED. R. CIV. P. 24(b)(2) allows intervention with court permission for anyone who "has a claim or defense that shares with the main action a common question of law or fact." "District courts are afforded wide latitude to determine whether a party with a common question of law or fact may join a particular suit." *Miller*, 103 F.3d at 1248.

As briefed above, Ms. Heathcote's claim shares a common question of law: whether Defendants' MiDAS system violated her rights to due process. Ms. Heathcote's claim also shares a common question of fact with the allegations in the complaint: whether she was automatically found guilty of fraud solely for failing to return an inadequately-issued fraud questionnaire.

Ms. Heathcote is also represented by competent counsel in this matter. Ms. Heathcote's counsel is an experienced class litigator, having litigated dozens of class actions within and outside of this District. In particular, Ms. Heathcote's counsel is already intimately familiar with the kind of "robo-fraud" MiDAS perpetuated, having litigated *Zynda v. Arwood*, No. 2:15-cv-11449 (E.D. Mich. filed Apr. 21,

2015) (Cleland, J.). Counsel litigated similar claims in *Zynda*, representing seven individuals, the United Auto Workers, and Sugar Law Center.

As a result of *Zynda* litigation, a Preliminary Injunction halted all collection on the fraud accusations from the "robo-fraud" era until the accusations could be subject to human review and new determinations made if the Agency still thought a basis for the fraud accusation existed. Shortly after, a Court-approved settlement agreement was reached. The first wave of *Zynda* review reversed thousands of baseless "robo-fraud" determinations and led to the return of tens of millions of dollars of illegally seized wages and tax returns. *Zynda* survived three successive Motions to Dismiss and nearly two years of litigation. However, the prospective *Zynda* relief was not implemented until the damage of MiDAS was done, lives were ruined, paychecks were garnished, people were forced into bankruptcy and evicted from homes, and unemployment benefits were frozen or garnished.

## IV.   **CONCLUSION**

Despite having claims that fall within the allegations in the pleadings in this matter, Ms. Heathcote is no longer a putative class member due to this Court's decision to deny Plaintiffs' Motion to Certify Class. However, this Court contemplated a class into which Ms. Heathcote falls: those who were found guilty of fraud only because they did not return a questionnaire. Ms. Heathcote's interests in this matter are in line with thousands of other putative class members.

There is currently no adequate representative for Ms. Heathcote's claims and the claims of the class she purports to represent. Ms. Heathcote represents her individual interests and the interests of those that were accused and convicted of fraud in absentia by a computer program, and for whom it was clear there was no basis for the conviction upon the first human review. Allowing intervention in this matter would be in the interest of justice and would allow for efficient litigation by allowing this case to continue, rather than forcing Ms. Heathcote to file her own, separate matter to pursue her claims. Accordingly, Plaintiff-Intervenor Heathcote requests that this Court grant her Motion to Intervene as to the Plaintiffs' procedural due process claim, and order all other relief this Court finds just and equitable.

Respectfully submitted,

/s/ David M. Blanchard
David M. Blanchard (P67190)
Frances J. Hollander (P82180)
Blanchard & Walker, PLLC
Attorneys for Intervening Plaintiff
    Suzette Heathcote
221 N. Main Street, Suite 300
Ann Arbor, MI 48104
(734) 929-4313
blanchard@bwlawonline.com
hollander@bwlawonline.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 21st day of January, 2021, a true and correct copy of the foregoing Motion to Intervene was filed with the Court's ECF system, and all current parties have thereby been served.

Respectfully submitted,

<u>/s/ David M. Blanchard</u>
David M. Blanchard (P67190)
Blanchard & Walker, PLLC
Attorneys for Intervening Plaintiff
    Suzette Heathcote
221 N. Main Street, Suite 300
Ann Arbor, MI 48104
(734) 929-4313
blanchard@bwlawonline.com

16