**EXHIBIT C**

DEPOSITION OF JOHN WALSWORTH -EXCERPTS

John Walsworth
06/16/2020

```
 1                UNITED STATES DISTRICT COURT

 2                EASTERN DISTRICT OF MICHIGAN

 3                      SOUTHERN DIVISION

 4    PATTI JO CAHOO, KRISTEN

 5    MENDYK, CHADIJA COLE, HYON

 6    PAK, and MICHELLE DAVISON,

 7    Individually and on behalf

 8    of Similarly situated persons,

 9             Plaintiffs,

10       -vs-

11                                   Case No. 2:17-cv-10657

12                                   Hon. David M. Lawson

13                                   Hon. Mag R. Steven Whalen

14    SAS INSTITUTE, INC.,

15    FAST Enterprises LLC, CSG,

16    GOVERNMENT SOLUTIONS, INC.,

17    STEPHEN GESKEY, IN HIS INDIVIDUAL CAPACITY,

18    SHEMIN BLUNDELL, in her individual

19    capacity, DORIS MITCHELL, in her individual

20    capacity, DEBRA SINGLETON, in her

21    individual capacity, JULIE A. MCMURTRY, in

22    her individual capacity; and SHARON

23    MOFFETT-MASSEY, in her individual capacity,

24    Jointly and Severally,

25             Defendants.
```



```
                         John Walsworth
                          06/16/2020                              Page 2
 1   _____/

 2   PAGE 1 TO 198

 3

 4        The Deposition of JOHN WALSWORTH,

 5        Taken Via Hanson Remote

 6        Commencing at 10:10 a.m.,

 7        Tuesday, June 16, 2020

 8        Before Laura Steenbergh CSR-3707, RMR, CRR, RDR

 9

10    Court reporter, attorneys & witness appearing remotely.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```



**John Walsworth**
**06/16/2020**                                                                 **Page 9**

1   Remote Deposition

2   Tuesday, June 16, 2020

3   About 10:10 a.m.

4           COURT REPORTER:  My name is Laura Steenbergh,
5   a Michigan notary public and certified shorthand
6   reporter, and this deposition is being held via
7   videoconferencing equipment.  The witness and reporter
8   are not in the same room.  The witness will be sworn in
9   remotely pursuant to agreement of all parties.  The
10  parties stipulate that the testimony is being given as
11  if the witness was sworn in person.
12          Do you solemnly swear that the testimony you
13  are about to give will be the truth, the whole truth and
14  nothing but the truth?
15          JOHN WALSWORTH:  I do.
16          MR. PHILO:  My name is John Philo, I'm one of
17  the attorneys for plaintiffs, and I'll be asking you
18  questions today.  Have you had the opportunity to talk
19  with your attorney just to prep for the deposition and
20  understand the process?
21          MR. ROSENFELD:  You can answer that question
22  yes or no.
23          **THE WITNESS:  Yes.**
24          MR. PHILO:  Okay.  Sorry, I'm a little tired.
25  But I'll assume you, you know, understand the process a



John Walsworth
06/16/2020                                          Page 10

1    little bit.  But just so you know, I tend to talk a

2    little low at times, so if you don't hear me, do just

3    say so, I'm happy to speak up.  Additionally, if you

4    don't understand a question, just please let me know,

5    okay?

6                   THE WITNESS:  Okay.

7                       JOHN WALSWORTH,

8    having first been duly sworn, was examined and testified

9    on his oath as follows:

10   EXAMINATION BY MR. PHILO:

11   Q.  Could you state your full name for the record?

12   A.  John Walsworth.

13   Q.  And where do you work, Mr. Walsworth?

14   A.  I'm sorry, where do I work?

15   Q.  Yes.

16   A.  CSG Government Solutions.

17   Q.  And where are your offices?

18   A.  Chicago.

19   Q.  Where at in Chicago?

20   A.  At 180 North Stetson Street.

21   Q.  Okay.

22              MR. ROSENFELD:  John, hold on.  Are you

23   recording this at all?

24              MR. PHILO:  No.  Is anybody else or --

25              MR. ROSENFELD:  It's not being video recorded,



```
 1       the disclosure.  If you're not prepared to show him that
 2       disclosure then I would object that this is outside the
 3       scope and instruct him not to answer those questions.
 4  BY MR. PHILO:
 5  Q.   Okay.  Have you seen your disclosure as an expert
 6       witness, sir?
 7  A.   I don't think so.
 8  Q.   Okay.
 9  A.   Maybe have I, I guess -- I guess I have, yes.
10  Q.   You don't recall it though?
11  A.   I've looked at a lot of stuff lately.
12  Q.   Well, what expert opinions do you anticipate rendering
13       in this case?
14            MR. ROSENFELD:  The opinions, other than
15       opinions that you have elicited, are set forth, and an
16       opinion for which no disclosure is necessary, the
17       opinions are set forth in his expert disclosure.  Again,
18       that's beyond the scope of this deposition.
19            MR. PHILO:  I would say no, they're not.
20            MR. ROSENFELD:  Hold on.  It's beyond the
21       scope of this deposition.  If you're prepared to show
22       him the disclosure, you're free to ask him about the
23       opinions set forth in that disclosure.  If you're not
24       going to show him the disclosure I'm going to instruct
25       him not to answer the question.
```



**John Walsworth**
06/16/2020                                              Page 176

```
 1  BY MR. PHILO:
 2  Q.    Okay.  So the only way you could answer is by reference
 3        to that disclosure, sir?
 4                MR. ROSENFELD:  I'm going to instruct him not
 5        to answer that question.  I am only going to allow him
 6        to talk about his expert opinion if you show him his
 7        disclosure.  Because that's beyond the scope of this
 8        deposition.  So if you want to show him what topics
 9        specifically he's going to -- you want him to talk
10        about, then I'll allow him to testify about it.  But
11        unless you're going to show him that disclosure I'm
12        going to instruct him not to answer, because it's beyond
13        the scope of this deposition.
14                MR. PHILO:  So you're instructing him not to
15        disclose his opinions without reading the disclosure?
16                MR. ROSENFELD:  I am instructing him not to
17        answer your question when you're trying to limit his
18        opinion until you read -- unless you put his disclosure
19        in front of him and then he can discuss the issues that
20        are addressed in that disclosure.  Unless you do that --
21                MR. PHILO:  How is my -- I'm sorry, go ahead.
22                MR. ROSENFELD:  Unless do you that I am going
23        to instruct him not to answer, because this is a
24        deposition of CSG, not an expert deposition of John
25        Walsworth.  But again, I will allow you to ask him about
```



```
 1        his expert disclosure if you show him his expert
 2        disclosure.
 3
 4   BY MR. PHILO:
 5   Q.   Okay.  Sir, you've said you have reviewed that.  Is it
 6        there in front of you today?
 7   A.   Is that to me?
 8   Q.   Yes.
 9   A.   No, it's not.
10   Q.   Okay.  Do you have a copy of it there?
11   A.   No.  No, I don't.
12   Q.   Okay.  Then I guess we can't have that discussion, sir.
13              MR. PHILO:  I don't think I have any further
14        questions.
15              MR. ROSENFELD:  Okay.
16              MS. TAYLOR:  This is Debbie Taylor.  I only
17        have one question to ask.
18              MR. STIDHAM:  I accidentally spoke over you.
19        Go ahead.
20              MS. TAYLOR:  I was just going to say, if
21        nobody minds, I only have one question to ask and I'll
22        go next.
23              THE WITNESS:  I don't know who this is.
24              MR. ROSENFELD:  Sure.  Why don't you -- she'll
25        show you who she is.
```

